BLACK v. BLACK et al.—203 S. W. (2d) 174.

Eastern Section.   March 18, 1947.

Petition for Certiorari denied by Supreme Court, May 31, 1947.

Walter T. Wood and Carl J. Wood, both of Chattanooga, for appellant.

S. H. Ford and L. D. Farrar, both of Chattanooga, for appellee.

BURNETT, J.  The Chancellor granted the appellant an absolute divorce from the husband on the ground that

he "has been guilty of such cruel and inhuman treatment as renders it unsafe and improper for Addie H. Black to live and cohabit with her husband and be under his dominion and control."

Her maiden name was restored and she was given certain named household goods and a $50 attorney's fee as alimony. Along with other prayers in her bill, she has prayed:

"That at the hearing of this cause all the right, title and interest the defendant might have in the house located at 1612 Hawthorne Street be decreed out of the defendant, William A. Black, and into the complainant," and, "such other and further relief to which she may be entitled."

She was denied any interest in the property, it being sufficiently described in the decree. It was in and on this property that the parties lived at the time this suit was started. The property or house was so divided that it consisted of two or three small apartments—one being the home of these parties while the others were rented. She was put out of this property and he was "restored to the peaceful possession of said real estate." It was further provided that in case of an appeal a named individual was appointed as "a receiver in this Court for the purpose of collecting the rents" and look after the property until the appeal was "determined."

In view of Code, section 7731 (hereinafter quoted), is it mandatory for the court to grant the wife homestead in the property under the prayer of bill above quoted?

Code, section 7731, is as follows:

"If the head of a family is married, and his wife obtain a divorce on account of his fault or misconduct, the title to the homestead shall be vested, by the decree of the

court granting the divorce, in the wife, and, after her death, it shall pass to their children."

"By force of this statute, when the wife obtains a divorce from her husband on account of his fault or misconduct, and all divorces must rest on the fault or misconduct of the opposite party, the homestead passes to the wife. Jackson v. Shelton, 89 Tenn. 82, 16 S. W. 142, 12 L. R. A. 514. The statute is not self-executory. The homestead does not pass to the divorced wife, unless she asserts the right under the statute in her petition authorizing action of the court which is necessary to clothe her with the right given by the statute. Moore v. Ward, 107 Tenn. 731, 64 S. W. 1087.

"The statute, however, is imperative, and its mandate must be observed when the wife obtains a divorce under a bill praying that the homestead be vested in her. Under such circumstances, it becomes the duty of the court to vest the homestead in the wife who has successfully prosecuted her divorce suit. Belcher v. Belcher, Tenn. Ch. App., 57 S. W. 382." Beard v. Beard, 158 Tenn., 437, 440, 14 S. W. (2d) 745, 746.

The prerequisites of homestead are shown. The wife does not pray for homestead under the Code Section above quoted, specifically. She does pray and ask for the whole of the property (which is denied) and this prayer per force includes the homestead for it is a lesser part carved out of the whole property. "Omne majus continet in se minus" (the greater always includes the less).

Probably the better pleading would have been to have asked or prayed in the alternative for homestead under the statute. We feel though that she having prayed for all the property she certainly must be held to have asked or asserted her right to the lesser estate.

Unquestionably the legislature in enacting the statute was attempting to embody into the law what the public welfare required, i.e., vest the homestead in the wife when she was granted a divorce from him due to his misconduct if she wanted it.

We do not have before us a transcript of the evidence on which the rights of the parties were determined. We only have the original bill, cross-bill and answers and the decree. We see no reason why a receiver for property was appointed pending this appeal unless it was to protect the homestead that might be awarded. Apparently this was done because the Chancellor had some doubt about the question.

For the reasons assigned the cause is reversed and remanded with directions to fix the homestead of the wife in accord with the statutes on the subject. The costs will be adjudged against the appellee.

Hale and McAmis, JJ., concur.