OLIVER *v.* MILFORD *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

Miles & Miles, of Union City, for appellant.

Heathcock & Elam, of Union City, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This suit was filed under the Declaratory Judgment Act of Tennessee, Code, Sections 8835-8847, for the construction of certain paragraphs in a divorce decree entered in 1932, and for rents on the property in ques-

tion for the year 1949, and for the possession of the property.

The Chancellor decreed that the meaning of the provision in the divorce decree of 1932 was to convey to the complainant therein only the homestead in the property in question. He also decreed in favor of the complainant for the portion of the rents for 1949, and gave possession to the appellee. From this decree the appellants have seasonably perfected their appeal, briefed and ably argued the matter before this Court.

The suit comes to us on bill, answer and the stipulation of the parties.

In 1932, Bertie Oliver sued the appellee, Louis Oliver, for a divorce in the Chancery Court of Obion County, Tennessee. In this suit she attached the property here involved and asked that it be decreed to her as alimony. A *pro confesso* was taken, proof heard and Bertie Oliver granted the divorce sought. The decree provides that: "All right, title and interest of the homestead in and to the above tract of land be divested out of the defendant and be vested in the complainant."

It is stipulated that the decree as originally drafted provided that: "All right, title and interest in and to the above tract of land be divested out of the defendant and be vested in the complainant."

The decree as finally adopted had interlined in it by the complainant's attorney the words "of the homestead in" as shown by the decree as originally adopted. It is stipulated that Bertie Oliver died shortly before the institution of the present suit; that there were no children by the parties to this marriage but that Bertie Oliver left surviving her children, defendants herein and claimants to the property, children by a former marriage.

These children by the former marriage of Bertie Oliver have possession of the property in question and had rented it to one of the defendants for the year 1949, when the suit was instituted.

The question obviously is then what title was passed by the terms of this decree? The appellants take the position that due to the prayer of Bertie Oliver to have this property decreed to her as alimony, certain phraseology in the pleadings and the facts that were alleged in the pleadings, that the decree vested in Bertie Oliver a fee simple title and that upon her death it descended to her children, by another marriage, the appellants herein. The appellee and former husband of Bertie Oliver takes the position, obviously, that the only estate vested in Bertie Oliver was a life estate and that upon her death he was entitled to the property and the necessary increments thereof.

■■ Code, Section 7731 provides in substance that when a woman gets a divorce from a man due to his fault "the title to the homestead shall be vested, by the decree of the court granting the divorce, in the wife, and, after her death, it shall pass to their children." This statute has been interpreted by decisions of this Court to the effect that it is necessary for the wife in the divorce proceeding to pray or ask for this homestead otherwise she is not entitled to it. It has also been held by the Court of Appeals in *Black* v. *Black,* 30 Tenn. App. 51, 203 S. W. (2d) 174, that when the wife prays for the whole property, that since the whole includes the less than by such a prayer she is entitled to and it is the duty of the court granting her a divorce to decree the homestead to the wife.

■■ We see no escape from the conclusion that the only estate attempted to be decreed the wife by this de-

cree, in the property in question, was a homestead. In the first place the decree, as originally drafted, gave her a fee simple estate but apparently upon presenting this to the court the court did not accept the decree as thus drawn and had interlined therein in the handwriting of the attorney representing the wife the words, "of the homestead in." Thus, obviously, the court limited the estate as granted to the wife to that of homestead. Of course it might have been that the court had in mind the Code, Section 7731 above referred to in so ordering, though said Code Section was not referred to in the pleadings in the divorce case. It is clearly apparent, and our decisions so hold, that the purpose for enacting Code, Section 7731 was to give the wife a homestead in the property, if she so desired it, when she obtained a divorce from her husband due to his fault. The court of course could have gone further, and if the circumstances demanded it, could have decreed the fee in the property to the wife as alimony but where the court does not do this by clear and unmistakable terms we should not so construe it.

Homestead stands upon a different plane after its assignment than it does before. Prior to assignment homestead is floating and only under certain specified statutory circumstances is one entitled to homestead. Prior to its assignment it is a right hovering over the whole land which does not arise to the dignity of an estate. After assignment it becomes a life estate, and can be rented, leased, or sold, and the party to whom it is thus rented, leased or sold will have the same estate as the homesteader had previously. *Briscoe* v. *Vaughn,* 103 Tenn. 308, 52 S. W. 1068.

It is argued on behalf of the appellants that if the decree herein vesting the homestead of this property

in the divorced wife was made pursuant to Code Section 7751 that upon her death by force of Code, Section 7731 ''it shall pass to their children'' includes the appellants herein who are the children by a former marriage and are not the children of the appellee, the divorced husband. We cannot agree with this contention. It seems to us that it is necessary to read along with Code, Section 7731, Code, Section 7728 which specifies how the homestead shall descend. Both of these Code Sections are in the same chapter in the Code under the title ''Homestead.'' Code, Section 7728 provides in substance that upon the death of the husband owning the property that the homestead shall ''go to his widow during her natural life, with the products thereof, for her own use and benefit and that of her family who reside with her, and, upon her death, any provision by will to the contrary notwithstanding, it shall go to the minor children of the deceased husband, . . .'' Obviously by this language the Legislature did not intend that a homestead exemption to the widow should go to her children by another marriage who are not shown as dependent upon her or are not of such an age as would be entitled to this exemption as is provided by Code, Section 8234 wherein exemptions to a widow of homestead are also for the benefit of the minor children under fifteen years of age whether they are the children of the husband or wife. The statute, Code, Section 7731, is not a statute of descent and distribution, but is really an exemption statute for the benefit of the divorced wife and children when she is forced to divorce her husband for fault of his.

It thus appears very plainly to us that the Chancellor was correct in his construction of the provisions of this decree. Having thus concluded it necessarily follows

that the appellee is entitled to the rents of this property after the death of his divorced wife and consequently to possession of it. The decree of the Chancellor will be affirmed with costs.

All concur.