ELROY HILL, Complainant-Appellant, v. KATHLEEN
WEAKS HILL, Defendant-Appellee.—329 S. W. (2d)
840.

Western Section. July 24, 1959.

Certiorari Denied by Supreme Court October 2, 1959.

Aaron Brown, Paris, for appellant.

Charles C. Montgomery, Paris, for appellee.

CARNEY, J.  His Honor the Circuit Judge awarded the complainant below, appellant herein, Elroy Hill, an absolute divorce from his wife, the defendant, Kathleen Weaks Hill, on the grounds of cruel and inhuman treatment. The case was contested and both parties and their witnesses testified.  The wife's misconduct consisted mainly of being seen and going out publicly with another man. The husband's original bill did not charge his wife with adultery but there was evidence tending to prove her guilty of adultery.

The parties have no children. Neither party has appealed from the action of the court in awarding the absolute divorce.

The husband has appealed from the action of the Trial Judge in awarding the defendant wife one-half of the net proceeds of the sale of a house and lot, furniture, furnishings and household goods owned by the parties as tenants by the entireties.

The total proceeds of the sale amounted to $4,751. From the proceeds of sale of said property the Trial Judge ordered the following to be paid:

1. The lien of a first deed of trust on the real estate in favor of the First Trust and Savings Bank of Paris, Tennessee, in the amount of $1,130.97.

2. The sum of $292 to the National Stores of Paris, Tennessee, to discharge the lien of a conditional sales contract on certain items of furniture.

3. Delinquent taxes against the property.

4. The clerk's fee for the sale of the property.

5. The claim of Mrs. Virginia Wiggins, the court reporter who took down the trial in the court below.

6. The remainder he ordered divided equally between the husband and wife.

The husband's assignment of error No. I is as follows:

"The Court erred in its failure to divest the title of the defendant, Kathleen Weaks Hill, out of the real estate described in the bill and of which they owned by the entirety and vest the same in the complainant as an indefeasible fee because of the flagrant misconduct on the part of the defendant as well as the result of the preponderance of the proof that the appellant provided the purchase of such property."

The authority for such action on the part of the Trial Judge is to be found in T. C. A. sec. 36-825 which is as follows:

"36-825. Transfer of property when decree for husband.—In all cases of either divorce or separation, where the relief therein to be decreed by the court is decreed to the husband on his petition, the court may, upon a proper showing of fact, adjust the respective rights of the parties with regard to property jointly owned so as to preserve for such a husband that portion of such joint property as for

which he contributed and paid, and for this purpose the court is hereby empowered to divest and vest title to either real or personal property and, where appropriate, to divest out of a defendant wife any residual title to property prior thereto held by the entireties between her and the complainant. (Acts 1953, ch. 90, Sec. 1 [Williams, Sec. 8446].)''

This court held in the case of Grant v. Grant, 1954, 39 Tenn. App. 539, 286 S. W. (2d) 349, that this section was not mandatory but left it clearly within the discretion of the Trial Judge as to whether or not he will divest the wife of her interest in property by the entireties when the divorce is granted to the husband.

The complainant is 30 years of age, has been married once before and is a native of Paris, Henry County, Tennessee. He became the ultimate purchaser of the property sold at public sale.

The defendant is 25 years of age, has been married once before and her home is in Georgia.

The parties were married in May, 1952, while the complainant was in the Army. After he was discharged they moved to complainant's home near Paris, Tennessee, where they lived until they separated on July 15, 1957. The complainant is an electrician and the defendant apparently has not had any special training for making a livelihood.

Under all the circumstances in this case we do not feel that His Honor the Trial Judge abused his discretion in refusing to divest the defendant wife of her interest in the property and under the authority of Grant v. Grant, supra, the assignment of error No. I is overruled.

For an additional reason it appears to this court that the assignment of error probably should be overruled but we prefer to predicate our decision on the ground set out immediately above. Section 36-825 was first enacted into law by chapter 90 of the Public Acts of 1953. The record shows that the law was finally passed on April 2, 1953, and signed and approved by Governor Clement on April 7, 1953. The deed to the house and lot in question in this case was executed and delivered to the complainant Hill and wife of date February 17, 1953. Therefore, it would appear that Section 36-825 would be unconstitutional as applied to interests already vested at the time of its enactment. Humphreys v. Humphreys, 1954, 39 Tenn. App. 99, 281 S. W. (2d) 270.

Assignment of Error No. II is as follows:

"The Court erred in failing to recognize the claims of appellant for money borrowed from his father and for indebtednesses he was obliged to pay as a result of the marriage and misconduct of the defendant and further, due to the fact that such indebtedness he is obliged to pay assisted in the acquisition of the property sold by the order of Court."

The complainant husband sought to set up an equitable lien of $900 against the real estate in favor of his father who was a carpenter. The services rendered consisted of painting the house, building a back porch and putting down hardwood floors throughout the house. The complainant testified that he still owed his father for this work and in addition, testified that he had borrowed $1,000 from his father in cash to pay grocery bills and other living expenses.

Further, the complainant husband sought to charge against the proceeds of sale grocery bills incurred during their married life, indebtednesses to the hospital, doctor's bills, bills at Sears, Roebuck & Company, and other personal bills of similar nature. The father corroborated the complainant's testimony.

The Trial Judge saw and heard the witnesses upon the stand and came to the conclusion that the complainant was not entitled to set up these separate amounts as claims against the proceeds of the sale of said property. The effect of allowing all of these claims would have been to obtain practically all of the proceeds of sale for the complainant and his father and the defendant wife would not have received anything. We think His Honor the Trial Judge was correct, his action is approved and assignment of error No. II is overruled.

The Trial Judge, in his finding of fact disallowing the claims of the complainant Hill and his father against the property, made the statement that the arrangement between the son and his father that the father should have an equitable lien on the property was "tainted." The complainant has assigned such finding as error. The action taken on the above two assignments of error renders it unnecessary to consider this assignment of error and therefore the same is pretermitted.

Hence, a decree will be entered affirming the decree of the Circuit Court below and remanding the cause for further proceedings consistent herewith. The costs of this appeal are taxed against the appellant, Elroy Hill.

Avery, P. J. (Western Section), and Bejach, J., concur.