MARY ELLEN KITTRELL, Defendant, Appellant, v.
ELLIS ARDELL KITTRELL, Complainant, Appellee.
—409 S.W.(2d) 179.

Eastern Section. April 26, 1966.

Certiorari Denied September 19, 1966

Lockett, Slovis & Weaver, Knoxville, for appellant.

Joseph B. Yancey, Knoxville, for appellee.

McAMIS, P.J.   Ellis Ardell Kittrell filed the bill in this case seeking a decree of absolute divorce and the custody of a daughter of the parties, 16 years of age. A further purpose of the bill was to have defendant's title to 21 acres of land held by the parties as tenants by the entirety divested out of her and vested in complainant.

From a decree granting all of the relief sought by the bill Mrs. Kittrell has appealed, challenging only that part of the decree divesting her title to the land. The assignments make the insistence that T.C.A. sec. 36-825, based upon Chapter 90, Acts of 1953, as amended by Chapter 192, Acts of 1959, if construed to justify this action, is unconstitutional as authorizing a taking of property in violation of the Fourteenth Amendment to the Constitution of the United States and Article One, Section Eight, of the Constitution of Tennessee.

The property in question was conveyed to Mr. and Mrs. Kittrell as tenants by the entirety in 1947.

In 1953, Chapter 90, Acts of 1953, was enacted in the following language:

"Transfer of property when decree for husband. In all cases of either divorce or separation, where the relief therein to be decreed by the court is decreed to the

husband on his petition, the court may, upon a proper showing of fact, adjust the respective rights of the parties with regard to property jointly owned so as to preserve for such a husband that portion of such joint property as for which he contributed and paid, and for this purpose the court is hereby empowered to divest and vest title to either real or personal property and, where appropriate, to divest out of a defendant wife any residual title to property prior thereto held by the entireties between her and complainant.''

In 1959, by Chapter 192, Acts of 1959, the Act (now T.C.A. sec. 36-825) was amended to read:

''Adjustment of interests in jointly owned property. In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case; and to this end the court shall be empowered to effectuate its decree by divesting and reinvesting title to such property and, where deemed necessary, to order a sale of such property and to order the proceeds divided between the parties.''

Since T.C.A. sec. 36-825 was enacted after title to the property became vested, we hold that it can not be applied in a manner to effect a complete divestiture of title upon a dissolution of the marriage solely because of the wife's fault.

Article 1, Section 8, of the Constitution of Tennessee provides:

"That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or by the law of the land."

The phrase "law of the land" as used in this Section and the phrase "due process of law" as used in the first section of the Fourteenth Amendment to the Federal Constitution are synonymous and a statute which violates one is violative of the other. Harbison v. Knoxville Iron Co., 103 Tenn. 421, 431, 53 S.W. 955, 56 L.R.A. 316; Motlow v. State, 125 Tenn. 547, 145 S.W. 177, L.R.A.1916F, 177; Southern Bell, etc. v. Tennessee Pub. Ser. Com., 202 Tenn. 465, 304 S.W.2d 640.

In Humphreys v. Humphreys, 39 Tenn.App. 99, 124, 281 S.W.2d 270, 282, it was said:

"It is true that the bill of complainant [husband] prays that the Court declare the rights of the parties in the property held by petitioner and defendant as tenants by the entireties, and it might be contended that under authority of Chapter 90, Pub. Acts of 1953 [TCA 36-825] which amends Code Section 8446, the interest of Mrs. Humphreys might be divested out of her and vested in Dr. Humphreys. This Court has no disposition to grant such relief. It is quite probable that the Act in question, if so applied, would be held unconstitutional. The Supreme Court of Tennessee has held that an estate by the entireties is a vested interest, and that even adultery by a wife does not forfeit such interest in property held by her and her husband as tenants by the entireties. Keicher v. Mysinger, Adm., 184 Tenn. 226, 232, 198 S.W.2d 330."

■ Hill v. Hill, 46 Tenn.App. 329, 329 S.W.2d 840, contains the same intimation that, if construed to authorize the divestiture of the wife's title as tenant by the entirety which became vested prior to 1953, the 1953 Act giving her nothing in return would be unconstitutional.

If so construed and applied we think the 1953 Act would clearly sanction the taking of a vested property right without due process of law and otherwise than by the law of the land in contravention of the 14th Amendment to the Federal Constitution and Article 1, Section 8, of the Constitution of Tennessee. (It should be noted that we are not here concerned with the right and power of the courts to subject a husband's interest in jointly held property to the payment of alimony.)

In Grant v. Grant, 39 Tenn.App. 539, 286 S.W.2d 349, decided in 1954, the appeal was prosecuted by the husband from the refusal of the Court to divest the wife's title and there was no occasion to consider the constitutionality of the Act.

In Wilson v. Andrew, 213 Tenn. 173, 375 S.W.2d 650, it does not appear that the wife's title as tenant by the entirety became vested prior to 1953 and again the constitutionality of the Act was not determined.

■■ As originally enacted the statute appears to have been designed to enable the Courts in cases where a separation or divorce is due to the fault of the wife to restore to the husband on an equitable basis sums which he has invested in jointly owned property. By the amendment of 1959, the purpose is broadened to include adjustments in favor of the wife, as well as the husband, which the Court in its discretion may think right and proper, coupled, as in the original act, with the power to vest and

divest title. In the amendment the dominant purpose seems to be to permit an "adjustment" of the interests of the parties in jointly owned property, not merely the divesting of the title of one of them. Under the amendment, in order to effect a dissolution of the joint title and permit each of the parties to own his or her interest in severalty, necessary and proper transfers or the payment of just compensation in lieu of specific property may be decreed. The amendment, it appears to us, does not envision a taking of property without due process of law or forfeiture of estate but, as the language clearly implies, only an equitable adjustment or exchange of interests in the holdings of the parties. As so construed, in our opinion, the amendment merely empowers the Court, upon dissolution of the marriage, to settle property rights upon equitable principles and does not violate either of the constitutional provisions here invoked. The 1959 amendment should be broadly construed and liberally applied to accomplish its objective.

This case, in our opinion, furnishes a good example for the free play of the salutary purposes of the Act as amended. In spite of the fact that, during most of the period of the marriage, the wife was gainfully employed she has squandered her earnings while the husband has improved the jointly owned property with a modern home for the family. Finally, having caused complainant to become heavily in debt because of her extravagance she deserted the home and went to another state where she obtained employment and for many months prior to the divorce contributed nothing to the welfare of the family.

Under T.C.A. sec. 34-101, the father and mother are equally charged with the care, support and education of their minor children. Defendant has been derelict in dis-

charging this obligation during the marriage and apparently has no intention of discharging it in the future. Her answer states that complainant should be given custody of the child "solely upon financial reasons".

It seems to us no proper adjustment of the rights and interests of the parties under the 1959 Amendment of the Act can be made without taking into account complainant's past contributions to the care, support and education of the daughter as well as the contributions it is quite apparent he must continue to make until the daughter marries, becomes self-supporting or reaches her majority. Every equity favors the position of complainant. It would be most inequitable and unjust to allow defendant to take an undivided interest in the property which she acquired only because of the marital relationship and the generosity of complainant and escape all responsibility for the care, maintenance and education of the daughter of the parties.

An injunction will issue restraining defendant from encumbering or disposing of her interest in the property until the daughter marries, becomes self-supporting or attains her majority. At that time an accounting in keeping with the principles outlined in Hall v. Jordan, 190 Tenn. 1, 227 S.W.2d 35; Atchley v. Atchley, 29 Tenn.App. 124, 194 S.W.2d 252; Cline v. Cline, 37 Tenn.App. 696, 270 S.W.2d 499, may be had between complainant and defendant to determine her fair share of the care, support and education of the daughter from the time she deserted the home until the termination of her parental obligation in one of the ways indicated. The Court will then adjust the equities of the parties in the property accordingly. In such accounting complainant will be given credit for interest and taxes as well as installments of principal paid

by him since defendant left the home. That part of the decree divesting defendant's interest in the property at this time is reversed and the cause remanded generally and for such hearings, orders and decrees as may be necessary consistent with this opinion. If deemed proper an attachment may issue on the remand impounding defendant's interest in the property until her obligations as hereinabove defined have been discharged. Defendant will pay costs of appeal.

Cooper and Parrott, JJ., concur.