ROBERT MONROE TRIMBLE, Petitioner,

*v.*

JIMMIE LEE TRIMBLE, Respondent.

458 S.W.2d 794.

(*Nashville,* December Term, 1969.)

Opinion filed October 5, 1970.

JAMES W. RUTHERFORD and C. H. RUTHERFORD, JR., Nashville, for petitioner; RUTHERFORD, CROCKETT & GUENTHER, Nashville, of counsel.

JOHN K. MADDIN, JR., Nashville, for respondent; GRACEY, BUCK, MADDIN & COWAN, Nashville of counsel.

MR. JUSTICE HUMPHREYS delivered the opinion the Court.

Respondent, Jimmie Lee Trimble, brought an action for divorce from bed and board against her husband, Robert Monroe Trimble, in the Circuit Court of Davidson County. The bill alleged as grounds cruel and inhuman treatment, and prayed, inter alia, for alimony and child support (they having one minor child) and that "all right, title and interest" of the defendant husband in a house and lot owned by the parties as tenants by the entirety be divested out of him and vested in the complainant. The husband in his answer denied the allegations of the bill and, later, filed a cross-bill seeking absolute divorce, also on the ground of cruelty, praying for an equitable division of the property. (There were also amendments to the bill and cross-bill, as well as various petitions and motions by the parties).

Upon hearing of the cause, the trial judge decreed an absolute divorce for the wife. The decree recited that the proof supported the wife's allegations of cruelty, and did not support the husband's allegations. The wife was awarded custody of the minor child and $26.25 week-

ly as child support. The decree recited further that "The Court is * * * of the opinion that the equities in all the properties of the parties should be divided equally, including the equity in the real property. * * *"

The wife then filed a motion to rehear, asserting that the trial court "inadvertently" failed to give consideration to T.C.A. secs. 36-820 (authorizing awards of alimony), 36-821 (authorizing decree to wife of portion of husband's estate), and 36-824 (providing for vesting of homestead in wife), consequently leaving the wife "destitute" and reaching a substantially inequitable result.

The case came before the Court of Appeals on the technical record, the only assignment of error being the failure of the trial court to award the wife homestead under T.C.A. sec. 36-824. The husband contended that T.C.A. sec. 36-825 gave the trial court authority to divide the property equitably despite the homestead statute and that it had done so.

The Court of Appeals, without discussing sec. 36-825, held that the requirement of sec. 36-824 was mandatory, that when prayed for by the wife homestead must be awarded, and that the wife's prayer for title to the realty included a prayer for homestead. The Court then modified the decree of the trial court by vesting the husband's homestead exemption in the real property in the wife.

The husband petitioned to rehear, and the Court affirmed its original conclusion, adding that sec. 36-825 neither expressly nor impliedly repealed sec. 36-824. The husband then petitioned for the writ of certiorari.

We granted certiorari to consider the contention that sec. 36-825 T.C.A., by its broadness, impliedly repealed sec. 36-824 T.C.A. or made the granting of the homestead

discretionary. Consideration of this contention involves determination of the purposes of the two statutes.

■■ Section 36-824 [1] has been held to be mandatory. *Belcher v. Belcher,* Tenn. Ch. App., 57 S.W. 382. However, the statute is not self-executing. The homestead does not pass to the divorced wife unless she asserts the right under the statute in her petition for divorce. *Beard v. Beard,* 58 Tenn. 437, 14 S.W.2d 745. This may be done by prayer for all defendant's property. *Black v. Black,* 30 Tenn.App. 51, 203 S.W. 2d 174; *Oliver v. Milford,* 190 Tenn. 456, 230 S.W.2d 963. The right of homestead exists in land held by the entireties, and the wife obtaining the divorce is entitled thereto. *Jackson v. Shelton,* 89 Tenn. 82, 16 S.W. 142, 12 L.R.A. 514.

Section 36-825 [2] was enacted as an amendment of Chapter 90, Acts of 1953, also codified as sec. 36-825.[3] The pur-

---

[1] "36-824. *Transfer of title to homestead when wife obtains divorce.* —If the head of a family is married, and his wife obtains a divorce on account of his fault or misconduct, the title to the homestead shall be vested, by the decree of the court granting the divorce, in the wife, and, after her death, it shall pass to their children."

[2] "36-825. *Adjustment of interests in jointly owned property.*—In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case; and to this end the court shall be empowered to effectuate its decree by divesting and reinvesting title to such property and, where deemed necessary, to order a sale of such property and to order the proceeds divided between the parties."

[3] "36-825. *Transfer of property when decree for husband.* In all cases of either divorce or separation, where the relief therein to be decreed by the court is decreed to the husband on his petition, the court may, upon a proper showing of fact, adjust the respective rights of the parties with regard to property jointly owned so as to preserve for such a husband that portion of such joint property as for which he contributed and paid, and for this purpose the court is hereby empowered to divest and vest title to either real or personal property and, where appropriate, to divest out of a defendant wife any residual title to property prior thereto held by the entireties between her and the complainant."

pose of the first sec. 36-825 was to grant jurisdiction to the court in a divorce action to "adjust the respective rights of parties with regard to property jointly owned so as to preserve for * * * a husband that portion of such joint property" as for which he contributed and paid.

To be exact, it was a grant to a divorce court of jurisdiction to adjust interests in property in favor of the husband as on a resulting or constructive trust, or a gift, as the facts might warrant, without any presumption of gift from the state of the legal title, this being removed by the statute's provision for the division to be made on the basis of contributions and payments as shown by the facts.

This whole purpose is made evident by the provision extending jurisdiction to "jointly owned property" and not limiting jurisdiction to "jointly held property". And by the provision authorizing exercise of this jurisdiction "upon a proper showing of fact". This latter provision makes it evident that the jurisdiction is not limited to dealing with only the legal or "paper" title, but extends to equitable estates and interests dependent on proof.

The present sec. 36-825 T.C.A. is an amendment of this section, authorizing a divorce court to exercise this same jurisdiction in behalf of either party, whether or not a divorce is granted in the case. While the statute uses language which appears to grant jurisdiction to a divorce court to award shares in jointly owned property without regard to legal or equitable interests and estates, the statute cannot be so construed: this for the reason that such a construction would make it unconstitutional in certain applications as contrary to the "law of the land."

Article 1, sec. 8, Constitution of Tennessee. See *Kittrell v. Kittrell*, 56 Tenn.App. 584, 409 S.W.2d 179. Moreover, if the statute were to be read as authorizing a divorce court to do as it pleased with property it would necessarily follow that the court could make an adjustment in favor of a husband which would be the equivalent of alimony.

Since there was obviously no intention to work such a radical change in either the divorce law as to allow a court to award a husband alimony, or the property law, as to do away with recognized legal and equitable interests and estates, the language of the statute appearing to grant absolute discretion must be limited. *Humphreys v. Humphreys*, 39 Tenn.App. 99, 281 S.W.2d 270; *Hill v. Hill*, 46 Tenn.App. 329, 329 S.W.2d 840. Finally, we point out that the exercise of this jurisdiction is not dependent upon a divorce. So, the unusual latitude with respect to property attaching to this sui generis action is not present to support a loose, generalized kind of jurisdiction.

*Langford v. Langford*, 220 Tenn. 600, 421 S.W.2d 632 is in accord. That case holds that a division of property under this section is not an award of alimony. This is recognition that jurisdiction is limited to adjusting property rights on the basis of estates and interests as recognized under the law of the land.

It is evident from what we have said that sec. 36-825 T.C.A. does not grant powers which can be exercised in derogation of homestead rights under sec. 36-824 T.C.A. When sec. 36-825 is applied as we have indicated there is no conflict between it and the homestead statute on which an implied repeal could be predicated.

■ The proper course to be taken where sec. 36-825 applies is for the trial court, first, to determine the interest of each party in the jointly owned property, and, then award the wife alimony on the basis of such interests. After this, her homestead should be allotted.

The judgment of the Court of Appeals is affirmed.

DYER, CHIEF JUSTICE and CHATTIN, CRESON and McCANLESS, JUSTICES, concur.