Lorraine JONES, Petitioner-Defendant,

v.

John R. JONES, Respondent-Plaintiff.

Supreme Court of Tennessee.

April 23, 1979.

As Modified on Rehearing May 9, 1979.

John T. Conners, Jr., Nashville, for petitioner-defendant.

James F. Neal, Jon D. Ross, Nashville, for respondent-plaintiff.

## OPINION

ALLISON B. HUMPHREYS, Special Justice.

Doctor Jones and Ms. Jones sued each other for a divorce. The facts and circumstances of each party's complaint are fully set out in the Opinions of the Court of Appeals on file in that Court. After a full trial, both suits were dismissed on the ground that, as both parties had committed acts constituting grounds for divorce, neither party was entitled to the aid of the Court in the resolution of their marital difficulties.

On appeal, the Court of Appeals, applying T.C.A. § 36–801, granted Dr. Jones a divorce on the grounds of Mrs. Jones' attempt to kill him and her subsequent conviction and sentencing for this felony. Mrs. Jones' suit was dismissed and the case was remanded for a division of jointly-owned property, presumably pursuant to T.C.A. § 36–825.

On remand, on the trial court's reconsideration of the record but without the parties being afforded an opportunity to be heard, an order was entered reading as follows:

". . . that all of the property, both real, personal and mixed, be divided equally by and between the parties, and that in the event the parties are unable to work out a buy or sell agreement concerning such property that all of such property shall be sold within thirty (30) days from the date of entry of this order;"

Dr. Jones appealed from this order.

On appeal, the Court of Appeals "interpreted and affirmed" the trial court's order in an opinion which awarded Mrs. Jones less property than she would have gotten under the trial court's order. She thereupon petitioned this Court for certiorari.

Certiorari was granted to consider whether or not the Court of Appeals intended to limit the application of T.C.A. § 36–825[1] to a division of property thereunder on the basis of the interests of the parties therein *at law,* excluding consideration of equitable interests such as might arise, given a state of facts which would establish such interests.

The problem grows out of this statement in the Court of Appeals' Opinion:

"The property to be affected by the order of the Trial Court is that property, and only that property in which, at the time of the divorce decree both parties were possessed of a legal interest, and includes both realty and personalty held as tenants by the entireties, tenants in common, or any other community of ownership recognized at law.

"The record does not sustain any award to either party contrary to or inconsistent with their legal interests so held.

"Property owned by either party as his or her sole and separate property, including partial interests held jointly or in common with non-parties shall *not* be affected by the order of the Trial Judge, and shall continue to be the property of the respective parties as though they had never been married or divorced."

■ If by this statement equitable interests or estates are excluded from consideration on remand, it is erroneous, being contrary to the holdings of this Court in *Trimble v. Trimble,* 224 Tenn. 571, 458 S.W.2d 794 (1970); *Langford v. Langford,* 220 Tenn. 600, 421 S.W.2d 632 (1967).

Again, if by this statement, as would appear, the Court meant that only legal interests are to be considered, because of the state of the record, this would result in an erroneous disposition of the case, because the parties have not been given an opportunity to prove the existence of equitable interests or estates, if any exist.

Upon authority of the cases cited, this case is remanded to the trial court, where the parties shall be permitted to offer evidence to establish each party's legal or equitable interest in any of the property standing in the name of either party, or both parties, at the time of separation and divorce.

■ For emphasis, we repeat what we said in *Trimble,* the words in the statute, "jointly owned," are not the equivalent of "jointly held" and, so, do not limit the inquiry to interests represented by instruments of conveyance at law but include every legal or equitable interest recognized at law or by equity in any kind of property held in the name of either party, or both parties, which either party is able to establish by competent evidence.

The case is remanded to the trial court.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.

1. 36–825. *Adjustment of interests in jointly owned property.*—In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property, so as to preserve for each or either party, that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case, regardless of how the court may grant or refuse to grant relief in such case; and to this end the court shall be empowered to effectuate its decree by divesting and reinvesting title to such property and, where deemed necessary, to order a sale of such property and to order the proceeds divided between the parties.