CINDY DARLENE WARREN DONEGAN,       )
                                     )    **Dickson Chancery**
        **Plaintiff/Appellee,**      )    **No. 4617-96**
                                     )
VS.                                  )
                                     )    **Appeal No.**
JOHN GRAHAM DONEGAN,                 )    **01A01-9709-CH-00469**
                                     )
        **Defendant/Appellant,**     )

**FILED**

September 14, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE DICKSON COUNTY CHANCERY COURT
### AT CHARLOTTE, TENNESSEE

### HONORABLE JAMES L. WEATHERFORD, JUDGE

Neal Lovlace
102 Bank Avenue
P.O. Box A
Centerville, Tennessee 37033
ATTORNEY FOR PLAINTIFF/APPELLEE

Douglas T. Bates, III
P.O. Box 1
Centerville, Tennessee 37033
ATTORNEY FOR DEFENDANT/APPELLANT

## AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| CINDY DARLENE WARREN DONEGAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | **Dickson Chancery** |
| VS. | ) | **No. 4617-96** |
| | ) | |
| JOHN GRAHAM DONEGAN, | ) | **Appeal No.** |
| | ) | **01A01-9709-CH-00469** |
| Defendant/Appellant, | ) | |

# O P I N I O N

The defendant, John Graham Donegan, has appealed from the judgment of the Trial Court ordering:

1. The parties are hereby divorced . . . .

2. Custody of three children committed to plaintiff.

3. Defendant shall pay child support.

4. Specified visitation.

5. Land on which residence located is husband's separate property. Improvements thereon are marital property. Property must be sold and proceeds divided equally.

6. One-half of defendant's deferred compensation to be paid to plaintiff by defendant.

7. Plaintiff granted one-half interest in defendant's pension.

8. Defendant must provide $200,000 insurance in favor of children.

9. Judgment in favor of plaintiff against defendant for $7,728 for marital personalty sold by defendant.

10. Specific personalty awarded to plaintiff.

11. Specific personalty awarded to defendant

12. Defendant must pay plaintiff $4,800 to equalize division of personalty.

13. No alimony except fees.

14. Plaintiff must pay debt on jeep.

15. Visa debt divided equally.

16. Defendant must pay $8,000 of plaintiff's attorney fees.

17.     Defendant must pay accrued child support of $5,975.

18.     Costs taxed equally.

19.     Judgment for plaintiff for amount awarded her, in total amount is $24,252 plus interest.

The defendant has presented the following issues:

> 1.      The question of child custody is now moot since a subsequent decision of the Trial Court has awarded custody to John Donegan.
>
> 2.      Did the Trial Court err in ruling that the property solely in the name of John Donegan was marital property?
>
> 3.      Did the Trial Court err in treating the furniture as marital property?
>
> 4.      Did the Trial Court err in awarding attorney's fees?
>
> 5.      Did the Trial Court err in assigning the debt of the Jeep solely to John Donegan?
>
> 6.      Did the Trial Court err in awarding both parties the divorce under the facts of this case?
>
> 7.      Should the Court award the home, regardless of whether it treats it as marital or separate, to John Donegan in lieu of child support, either all or part?

The plaintiff presents the following issues:

> I.      Whether the Trial Court erred in allowing that upon the sale of the marital home which is located on the 5.67 acre tract, John G. Donegan would receive a credit of $11,340.00.
>
> II.     Whether the Trial Court erred in ordering Mr. Donegan to pay only a portion of Mrs. Donegan's attorney fees where Mrs. Donegan has insufficient funds to pay her attorney fees and when Mr. Donegan's intentional conduct only served to increase the time and expense of litigation.
>
> III.    Whether the Trial Court erred in denying rehabilitative alimony to Mrs. Donegan, who is merely a high school graduate and has spent the majority of the marriage as a homemaker and primary care-giver of the three small children.
>
> IV.     Whether the Trial Court erred in failing to include income that Mr. Donegan makes from his separate business

when it determined the amount of child support that Mr. Donegan should pay to support his three children.

V.      Whether the Trial Court erred in holding that the marital home, built during the marriage of the parties, was indeed marital property and therefore subject to equitable division.

VI.      Whether the Trial Court erred in holding that the marital furniture was indeed marital property and therefore subject to equitable division.

VII.      Whether the Trial Court abused its discretion in assigning the debt of the one of the parties' automobile solely to Mr. Donegan.

VIII.      Whether the Trial Court erred in awarding both parties a divorce in this matter given the fact that the Trial Court is specifically authorized to do so by statute.

IX.      Whether this court has the authorization and the standing to award the marital home to Mr. Donegan in lieu of child support as this was an issue not properly addressed to the Trial Court which divided the marital property and granted custody of the three children to Mrs. Donegan.

X.      The award of child custody in the subsequent change of custody proceeding will be addressed in separate action.

The parties were married in 1984. Plaintiff was a cosmetologist (beautician). They separated in August, 1996, and this suit was filed November 4, 1996, at which time they had three children aged 2, 4 and 10. Grounds alleged were irreconcilable differences and inappropriate marital conduct without specifying any particular misconduct.

On April 7, 1997, an agreed order of reconciliation was entered.

On April 29, 1997, an agreed order of visitation and child support was entered.

The final decree was entered on August 19, 1997.

**Defendant's First Issue**:   Child Custody.

-4-

Defendant concedes that this issue is moot because subsequent action of the Trial Court which is not involved in this appeal has created a different custody situation.

**Defendant's Second Issue**:  <u>Marital Home</u>.

Prior to marriage defendant owned a home on a 5.67 acre tract. The home was destroyed by fire. Defendant used the insurance proceeds to purchase a house at a different location which was conveyed to plaintiff and defendant. Thereafter the parties sold the latter house and used the proceeds to build a new house on the original 5.67 acre tract which was originally owned by defendant.

The status of property as separate or marital is not necessarily determined by its record title. *Mondelli v. Howard*, Tenn. App. 1989, 780 S.W.2d 769; *Jones v. Jones*, Tenn. App. 1969, 597 S.W.2d 886.

In *Barnhill v. Barnhill*, Tenn. App. 1991, 826 S.W.2d 443, 452, the husband purchased an 18 acre tract and had it conveyed to himself and wife. This Court held that this action created a rebuttable presumption that the husband made a gift to the marital estate and there was no evidence of a contrary intent, citing *Batson v. Batson*, Tenn. App. 1988, 769 S.W.2d 849, wherein this Court stated:

> [Transmutation] occurs when separate property is treated in such a way as to give evidence to an intention that it become marital property. One method of causing transmutation is to purchase property with separate funds but to take title in joint tenancy. This may also be done by placing separate property in the names of both spouses. The rationale underlying both these doctrines is that dealing with property in these ways creates a rebuttable presumption of a gift to the marital estate. This presumption is based also upon the provision in many marital property statutes that property acquired during the marriage is presumed marital. The presumption can be rebutted by evidence of circumstances or communications clearly indicating an intent that the property remain separate. 769 S.W.2d at 858, *citing* 2 H. Clark, *The law of Domestic Relations in the United States*, § 16.2, 185 (1987).

In the present case, the Trial Court recognized that the third house was built on the 5.67 acre tract owned by defendant, but ordered the house and land sold and the proceeds divided equally between the parties. Unquestionably, the land belonged to defendant until the house was built thereon with jointly owned funds. When the joint funds produced a house on the separately owned land, the doctrine of transmutation produced a presumption that the parties intended that the house and land be merged into a single, jointly owned asset unless a contrary intent is shown. No such contrary intent is shown. Hence, the house and land are part of the marital estate.

**Defendant's Third Issue**: Status of Furniture.

Marital furniture is presumed to be marital property. *Newberry v. Newberry*, Tenn. App. 1972, 493 S.W.2d 99. The mere fact that the jointly used furniture was situated in a jointly owned land legally titled to only one of the parties, does not prevent a finding that the furniture had become joint property by joint use.

The judgment of the Trial Court contains detailed lists of items awarded to each of the parties. There is no finding as to the individual or collective value of such items. Nothing is found in the record to justify a revision of the division of household goods.

**Defendant's Fourth Issue**: Attorneys Fees

Defendant insists that plaintiff received sufficient liquid assets to pay her attorney. However, the allowance of fees in divorce cases lies within the sound discretion of the Trial Court which will not ordinarily be revised on appeal. *Ford v. Ford*, Tenn. App. 1996, 952 S.W.2d 824. From a review of this lengthy and contentious proceeding, this Court does not consider that this exercise of discretion was unwarranted.

**Defendant's Fifth Issue**: Assignment of Jeep Debt.

It appears that the Jeep was purchased by defendant who permitted plaintiff to use it but failed to pay for it and it was repossessed, resulting in a deficiency due upon a debt that was made by defendant.

No error is found in requiring defendant to pay the deficiency of his debt on the Jeep.

**Defendant's Sixth Issue**: <u>Award of Divorce to Both Parties</u>.

The judgment of the Trial Court states -

The Court finds as follows:

1.     That the parties, pursuant to T.C.A. § 36-4-129(b) are entitled to a divorce.
- - - -
Accordingly, it is hereby ordered, adjudged and decreed:

1.     That the parties are hereby divorced ---.

The cited statute reads as follows:

36-4-129. Stipulated grounds and/or defenses - Grant of divorce. - (a) In all actions for divorce from the bonds of matrimony or from bed and board, the parties may stipulate as to grounds and/or defenses.

(b) The court may, upon such stipulations or upon proof, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone. [Acts 1989, ch. 543, § 1.]

There was no stipulation of grounds for divorce, but section (b) of the statute authorizes the court to "declare the parties to be divorced, rather than awarding a divorce to either party alone --- "upon proof."

Although not in the words of the statute, the decree of the Trial Court is clearly intended to "declare the parties to be divorced," and it is so construed by this Court.

The record does not support a reversal of the award of a divorce to both parties.

This concludes the discussion of defendant's issues.

**Plaintiff's First Issue**: $11,340 Credit to Defendant for 5.67 Acre Tract.

This Court has already approved the equal division of the proceeds of the sale of the house and land.

**Plaintiff's Second Issue**: Failure to Allow Total Attorneys Fees.

This Court is disinclined to revise the discretionary ruling as to fees.

**Plaintiff's Third Issue**: Failure to Award Rehabilitative Alimony.

Plaintiff is trained and licensed to practice cosmetology. There is no showing that she is unable to continue this vocation.

**Plaintiff's Fourth Issue**: Amount of Child Support.

This issue is based upon evidence that, in addition to his salary, defendant deals in ammunition from which he has a "significant" income. Nothing is cited or found from which the Trial Court or this Court might quantify this "significant income."

**Plaintiff's Fifth Issue**: Division of the Marital Home.

This issue has already been decided in acting upon defendant's second issue.

**Plaintiff's Sixth Issue**: Marital Furniture.

This issue has already been decided in acting upon defendant's third issue.

**Plaintiff's Seventh Issue**: <u>Debt on Jeep</u>.

This issue has already been decided in acting upon defendant's fifth issue.

**Plaintiff's Eighth Issue**: <u>Award of Divorce</u>.

This issue has already been decided in acting upon plaintiff's sixth issue.

**Plaintiff's Ninth Issue**: <u>Award of Home to defendant in lieu of child support</u>.

The record of the present appeal does not demonstrate that custody or child support has been awarded to the defendant. It appears that this issue arose after the entry of the judgment under review in this appeal as stated in plaintiff's tenth issue.

Each of the issues presented by the parties has been examined. No reversible error is found.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the defendant-appellant. The cause is remanded to the Trial Court for further proceedings.

## AFFIRMED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM B. CAIN, JUDGE