**IN THE SUPREME COURT OF TENNESSEE**
**AT NASHVILLE**

FILED

October 12, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| THE CITY OF WHITE HOUSE, | ) |
| | ) |
| APPELLANT, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWRENCE RAY WHITLEY, | ) |
| District Attorney General for the | ) |
| Eighteenth Judicial District of the | ) |
| State of Tennessee, JOHN CARNEY, | ) |
| District Attorney General For the | ) |
| Nineteenth Judicial District of the | ) |
| State of Tennessee and | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| APPELLEES, | ) |
| | ) |
| AND | ) |
| | ) |
| TAYLOR (TED) EMERY, Sheriff for | ) |
| Robertson County, Tennessee; | ) |
| J.D. VANDERCOOK, Sheriff for | ) |
| Sumner County, Tennessee, | ) |
| | ) |
| DEFENDANTS. | ) |

NO. 01S01-9711-CH-00259

## DISSENTING OPINION

I respectfully dissent from the majority's opinion. The legislature has set forth the requirements for judges. While a rule mandating attorney municipal judges may be desirable, no provision of either the state or federal constitution requires attorney judges. Mere disagreement with legislative mandate is neither a sufficient reason for this Court to redraft legislation nor a sufficient reason for this Court to redefine the Tennessee Constitution. The policy rejected as unconstitutional by the majority was not only the norm when the constitution was drafted, but also has passed federal constitutional muster in North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). Accordingly, I would hold that this area is purely one of legislative prerogative and reserved for the voting public. I further disagree with the majority's holding that rules designed to

eliminate practices which deprive accused of their fundamental right to fair trials should not be applied retroactively.

## CONSTITUTIONALITY

The majority's holding is premised on the language of Tenn. Const. Art. 1, § 8 which provides:

> That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

The majority holds that the "law of the land" provision of Article 1, § 8 now requires attorney judges. The majority's rationale for re-defining due process is that "[t]here has been a vast increase in the number of attorneys and tremendous improvements in transportation and communication."

This Court has consistently held that the due process clause of the state constitution is identical in scope and purpose with that of the federal constitution. See State v. Hale, 840 S.W.2d 307 (Tenn. 1992) (holding "'the law of the land,' used in the [Article 1, § 8 of the Tennessee Constitution], and the phrase, 'due process of law,' used in [the federal constitution], are synonymous phrases meaning one and the same thing.") (citing Dearborne v. State, 575 S.W.2d 259 (Tenn. 1978); Daugherty v. State, 393 S.W.2d 739 (Tenn. 1965); Kittrell v. Kittrell, 409 S.W.2d 179 (Tenn. 1966)).

The majority, however, rejects the well-reasoned opinion of the United States Supreme Court in North v. Russell, 427 U.S. 328 (1976), which is directly on point with the case now before us. In North, the United States Supreme Court addressed the question of "whether an accused, subject to possible

2

imprisonment, is denied due process when tried before a nonlawyer police court judge with a later trial *de novo* available."  In North, defendants appearing before the municipal or "police court":  (1)  had a right to a trial de novo;  (2)  had thirty days within which to perfect an appeal;  (3)  were generally charged with violations of traffic laws; and  (4)  faced sentences of less than one year.  The United States Supreme Court rejected the defendants' argument that "the increased complexity of substantive and procedural criminal law requires that all judges now be lawyers."  Id. at 2712.  The Court held that an adult accused of a misdemeanor is not denied due process under the federal constitution when initially tried before a non-attorney judge. The Court reasoned that the defendant was "afforded an opportunity to be tried *de novo* in a court presided over by a lawyer-judge since an appeal automatically vacates the conviction in police court."  Id.

The majority relies upon the reasoning in State ex rel. Anglin v. Mitchell, 596 S.W.2d 779 (Tenn. 1980), and the doctrine of stare decisis despite this Court's assertion in Anglin that North was distinguishable from and inapplicable to the facts in Anglin.[1]  See id. at 791 (holding, "We do not view North v. Russell as being applicable to the case at bar.").[2]  In Anglin, two juveniles charged with third degree burglary and profanity were tried before a lay judge and without benefit of counsel[3].  This Court in Anglin distinguished Anglin from North v. Russell on the basis that:

_____

[1]The Court of Criminal Appeals, in addressing the issue now before us, noted that "[t]he Supreme Court in Anglin took great pains to distinguish the application of North to juvenile proceedings and adult proceedings. . . . The differences between North v. Russell and the case at bar are glaring. . . ."  The Court of Criminal Appeals adopted the holding of the United States Supreme Court in North v. Russell and held that the statute was constitutional.

[2]Presumably, North v. Russell was distinguished because the "law of the land" provision mirrors federal due process.  State v. Hale, 840 S.W.2d 307 (Tenn. 1992).

[3]The lower court held that the right to counsel had been knowingly and voluntarily waived.

3

1.	the juveniles in Anglin did not have a de novo right of appeal;

2.	the juveniles' sentences went into immediate effect;

3.	the juveniles faced felony charges carrying "loss of liberty for from seven to eight years"; and

4.	the juveniles had five days in which to perfect an appeal as opposed to thirty days.

Id. at 790-91.  This Court found North to be inapplicable based on the above factors and held that juvenile judges must be licensed lawyers "to make any disposition of a juvenile that operates to confine him or deprive him of his liberty." Id. at 791.

In the case now before us, the majority's primary concern is the ability of non-attorney municipal and general session judges to preside over misdemeanor cases "where incarceration may be imposed."[4]  In misdemeanor cases, defendants are:  (1)  entitled to de novo appeals;  (2)  have thirty days within which to perfect a de novo appeal; and  (3)  face a maximum sentence of eleven months and twenty-nine days.  I would, therefore, hold that Anglin is inapplicable to the case now before us for the same reasons the majority in Anglin held that North was inapplicable to Anglin.  I would further hold that it is for the legislature and not for this Court to redraft the requirements for holding office as judge.  The

_____

[4]The majority holds that non-attorney judges may still constitutionally preside over "civil cases and in criminal cases not involving potential incarceration."  Presumably, the majority's holding would prohibit non-attorney judges from presiding over most traffic violations codified in the Tennessee Code Annotated.  See Tenn. Code Ann. § 55-8-138 ("Pedestrians on Roadways" defined as a Class C misdemeanor); Tenn. Code Ann. §§ 55-8-146, -147 (defining as misdemeanors the failure the to stop at railroad crossings); Tenn. Code Ann. § 55-8-149 (stating Class C misdemeanor for failure to stop at a stop sign); Tenn. Code Ann. § 55-8-152, -154 (classifying violations of speed limit laws as misdemeanors); Tenn. Code Ann. §§ 55-8-160 (defining prohibited parking violations as Class C misdemeanors).

effect of the majority's opinion, however, is to redraft the constitution to reflect the majority's notions of fundamental fairness.[5]

## PROSPECTIVE APPLICATION

While the majority found that a rule allowing non-attorney judges to preside over misdemeanor cases is a denial of due process and fundamentally unfair, the majority has declined to apply its new constitutional pronouncement retroactively. Were I to agree with the majority's due process analysis, I would apply the new rule retroactively under this Court's standard enunciated in Meadows v. State, 849 S.W.2d 755 (Tenn. 1995).

In Meadows, this Court held that a new constitutional rule shall be applied retroactively in post-conviction proceedings if the new rule "materially enhances the integrity and reliability of the fact finding process of the trial" and "raises serious questions about the accuracy of guilty verdicts in past trials." Id. at 754. Clearly, under the Meadows standard, a new rule designed to eliminate a practice held to prohibit a defendant from obtaining a fair, reliable and accurate trial should be applied retroactively.

Municipal and general sessions judges are the exclusive finders of fact in cases before their courts. The majority has held that permitting non-attorney judges to preside over criminal matters raises serious constitutional questions concerning the accuracy and reliability of criminal trials. The majority states that it "cannot countenance and classify as constitutional any procedure whereby it is necessary that a citizen stand two trials to get one fair trial." I, therefore, question the majority's decision to refuse retroactive application of the new

---

[5]The distinction between incarceration and non-incarceration is tenuous if the majority is declaring that non-attorney judges are generally incapable of conducting fair trials. An individual seeking compensation for a civil wrong has just as much right to a fair trial as an individual accused of a minor traffic violation.

constitutional rule when the majority holds that the "old rule" denies a citizen the right to a fair trial.

6

_____

JANICE M. HOLDER, JUSTICE