Freeman v. Freeman.

## FREEMAN *v.* FREEMAN.

*(Knoxville.*   September Term, 1903.)

1  **HOMESTEAD.**   Wife not entitled to, who deserts husband and lives in adultery.

The homestead secured by the constitution and statute to each head of a family, and which can not be sold by the husband without the joining of the wife in the deed of conveyance, is in consideration of the existence of the family relation, and with the view of preserving a shelter for the family; but, a wife, who, wilfully and without cause, abandoned her husband, and lived a life of adultery before the recording of a deed executed by the husband alone, conveying his real estate, is not entitled to a homestead in the land so conveyed.

Case cited and approved: Prater v. Prater, 87 Tenn., 78.

### FROM MONROE.

Appeal from Chancery Court of Monroe County.— T. M. MCCONNELL, Chancellor.

MCCROSKY & PEACE, for complainant.

W. MORRIS HARRISON, for defendant.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The bill in this case was filed by a wife, who sues by her next friend, to assert a homestead right in a tract of land which her husband sold and conveyed to a third party, upon the ground that the deed was made during the existence of the marital relation, without the wife joining in it, and that it disposed of all the real estate which the husband owned. The court of chancery appeals finds that the allegations of the bill in these respects were true, but they also find that before the deed was recorded the complainant had willfully and without cause abandoned her husband and her home, and since that time had lived a life of adultery.

The question is, under these conditions, can the present bill be maintained? This question must be answered in the negative. In fact, we think it was practically put at rest in *Prater* v. *Prater*, 87 Tenn., 78, 9 S. W., 361, 10 Am. St. Rep., 623, notwithstanding there is some dissimilarity between the facts of that and the present case. In that the widow, who set up a homestead claim in land aliened by the husband alone, was a nonresident of this State at the time the alienation took place, as well as at the time of filing her bill setting up this claim; and the decision rests in part on this ground, yet it is also distinctly placed upon the point that as the complainant had "willfully and without excuse deserted the family, and eloped and lived with an adulterer," she was no longer entitled to share in the homestead. The homestead is secured to each head of the family in the State by constitutional as well as statutory provisions,

Freeman v. Freeman.

but its exemption from seizure by creditors, and sale by the husband without the joining of the wife in the deed of conveyance, is in consideration of the existence of the family relation, and with a view of preserving a shelter for the family. In this the wife is equally interested with her husband, and while remaining a member of the family, and enjoying the privileges and discharging the duties accruing to her out of the marriage relation, it is proper that she should have some shield against the improvidence or misfortune of her husband. This she receives in the veto that the law gives her upon the sale of the homestead. Save for this, there could be no sound reason assigned for the imposition by the law upon his right of alienation of this part of his estate. When, however, she voluntarily and without cause abandons her home and her husband, she is no longer within the spirit of the provisions of the constitution and the statute on this subject. Adding, however, to this the offense of an adulterous separation, then, "by all rules of public policy and good morals," she has "excluded herself from the society, family circle, and home of her husband," and she has unquestionably placed herself beyond the pale of the homestead laws.

The decree of the court of chancery appeals, so holding, is affirmed.