LENA HUMPHREY *et al. v.* A. GODSEY.

(*Jackson.*  April Term, 1907.)

1. **COURT OF CIVIL APPEALS.** Jurisdictional amount is determined by amount actually in controversy upon appeal.

The appellate jurisdiction as between the supreme court and the court of civil appeals, when dependent upon the amount involved, is determined by the amount really or actually in controversy in the appellate court, and not by the amount involved in the court below.

Acts cited and construed:  Acts 1907, ch. 82, sec. 7.

2. **SAME.** Same. Broad appeal will not give supreme court jurisdiction, if controverted amount is less than the jurisdictional amount.

The appellant cannot appeal from that part of the decree of the chancery court which was in his favor, merely for the purpose of giving the supreme court jurisdiction. A broad appeal does not open the whole controversy involved in the chancery court so as to give the supreme court jurisdiction, where the chancery decree eliminated everything in favor of the appellant, except the sum of one hundred and fifty dollars.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

W. H. COX and BYARS, KING & CAPELL, for complainants.

J. P. SYKES, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The question to be determined in this case is whether this court has jurisdiction of the controversy, or whether the case falls within the jurisdiction of the court of civil appeals. Section 7 of the act [published Acts 1907, ch. 82], creating that court provides:

"That the jurisdiction of said court of civil appeals shall be appellate only, and shall extend to all cases brought up from courts of equity or chancery courts, except cases in which the amount involved, exclusive of costs, exceeds one thousand dollars, and except cases involving the constitutionality of the statutes of Tennessee, contested elections for office, State revenue, and ejectment suits, and to all civil cases tried in the circuit and common law courts of the State, in which appeals in the nature of writs of error, or writs of error may be applied for, for the purpose of having the action of said trial court reviewed. In all cases in which appellate jurisdiction is herein conferred upon said court of civil appeals, the appeals and appeals in the nature of writs of error from the lower court shall be taken directly to said court of civil appeals; and said court, or any judge thereof, is hereby given the same power to award and issue writs of error, *certiorari* and *supersedeas,* which the supreme court has heretofore had in such cases, returnable to said court of civil appeals. The practice in such cases in said court shall be the same as is now prescribed by law for the supreme court. In all cases in which appellate jurisdic-

tion is not conferred by the terms of this act upon said court of civil appeals, appeals therefrom shall be direct to the supreme court, and in such cases, writs of error, *certiorari* and *supersedeas* shall be issued by and made returnable to the supreme court, as is now provided by law; and in such cases the supreme court shall have exclusive jurisdiction, and shall try and finally determine the same, and shall not after this act takes effect, assign the same for trial by the said court of civil appeals."

The bill in this case alleges that the complainant, Lena Humphrey, while yet a minor, purchased from the defendant, Godsey, a lot in the city of Memphis, for the consideration of $1,700, and paid him therefor, $150 in cash, and executed sundry notes to cover the deferred payments; that she desired, on the ground of her infancy, to disaffirm the said contract, to have the notes canceled, and the $150 in cash repaid to her.

The answer interposes the defense that the complainant had induced the defendant to execute the deed, and to receive the money and the notes by stating to him that she was of full age, and that she had thereby practiced a fraud upon him.

The chancellor rendered a decree allowing the disaffirmance of the sale, and canceling all of the notes, but he refused to grant a decree for the return of the money.

The complainant prayed a broad appeal from the decree of the chancellor, but in this court, assigned

errors only upon the action of the chancellor in refus-
ing to decree a repayment of the $150 cash, and upon
certain errors in the admission of evidence. The de-
fendant assigned errors only upon the disposition made
of the costs.

The question to be determined is whether the mat-
ter in controversy was less than $1,000. The complain-
ants insist that, inasmuch as they prayed a broad ap-
peal, the whole controversy set forth in the bill is
before us, and the amount of the consideration money
being $1,700, the amount involved is within our juris-
diction. We are of the opinion, however, that the com-
plainants could not appeal from that portion of the
decree which was in their favor, merely for the purpose
of giving this court jurisdiction. The jurisdiction is
determined by the amount *bona fide* in controversy in
the appellate court, not the amount in the court below.

The real matter in controversy, on the present ap-
peal, is the action of the chancellor in refusing to
decree a return of the $150 composing the cash payment.
This being true, the case falls within the jurisdiction
of the court of civil appeals, and must be stricken from
the docket of this court, and it is so ordered.