W. P. POTTS *et ux.* v. J. V. COFFMAN *et al.*

(*Jackson.* April Term, 1922.)

1. **CERTIORARI.** Concurrent findings of fact by chancellor and court of civil appeals not reviewed when sustained by material evidence.

Concurrent findings of fact by the chancellor and the court of civil appeals, when sustained by material evidence, will not be reviewed by the supreme court on *certiorari.* (*Post, p.* 283.)

Cases cited and approved: Knight v. Cooley, 131 Tenn., 21; Shaller v. Garrett, 130 Tenn., 473; Black v. State, 130 Tenn., 529.

2. **MORTGAGES.** Advertisement of sale under terms of trust deed for three weeks held sufficient despite statute requiring advertisement for thirty days.

Under Thompson-Shannons Code, section 3838, requiring that persons selling land in a fiduciary capacity publish the sale for at least twenty days, publication of a sale of land under a trust deed for three weeks is sufficient, though section 6249 requires that the sale be advertised at least thirty days, so that mortgagor may give twenty days' notice to the trustee or mortgagee of an application for injunction, as required by section 6248, the effect of section 6249 being not to amend or repeal section 3838, but to require the mortgagee to advertise for thirty days in order to invoke the statute requiring twenty days' notice of the application for injunction. (*Post, pp.* 283-286.)

Acts cited and construed: Acts 1873, ch. 10.

Case cited and approved: Plowman & Eve v. Satterwhite, 3 Cooper's Ch., 1.

Code cited and construed: Secs. 3838, 6248, 6249, (T.-S.). Secs. 3838, 6248, 6249 (S.).

---

FROM HENDERSON.

---

Appeal from the Chancery Court of Henderson County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—Hon. J.
W. Ross, Chancellor.

Mr. Justice Green delivered the opinion of the Court.

The bill in this case was filed to set aside a sale made un-
der a trust deed executed to secure the payment of bor-
rowed money. The complainants, former owners of the
land, made various charges in their bill upon which they
predicated their right to relief. These charges were all de-
nied in the answer, and proof was taken. In so far as the
suit involves questions of fact, these issues have been found
against the complainants by the chancellor and by the
court of civil appeals. There is material evidence to sus-
tain these concurrent findings. The controversy over these
matters is, therefore, closed in this court. *Knight* v. *Cooley,*
131 Tenn., 21, 173 S. W., 435; *Shaller* v. *Garrett,* 130 Tenn.,
473, 171 S. W., 486; *Black* v. *State,* 130 Tenn., 529, 172 S.
W., 281.

The complainants have filed a petition for *certiorari* to
review the action of the court of civil appeals, and one
question raised by them seems to merit discussion.

The trust deed under which this sale was had provided in
case of default that the trustee should expose the prop-
erty to public sale "by advertising three weeks in a news-
paper published in said county or by posting notice of sale
in three places in said county for twenty-one days." The
lower courts have found that these requirements were ob-
served.

It is insisted, however, by petitioners that thirty days'
advertisement of sale under such a trust deed is prescribed

by law, and that the advertisement given in this case was accordingly insufficient to meet the requirements of the law. This view is apparently shared by the learned annotator of one of our Codes.

Statutory provisions are as follows: "Every person whose duty it is to sell land in a fiduciary capacity, or under judicial orders or process, shall, in the absence of any special provisions on the subject in the authority under which he acts, publish such sale at least three different times in some newspaper published in the county where the sale is to be made, the first of which publications shall be at least twenty days previous to the sale." Section 3838, Thompson's Shannon's Code; Shannon's Ann. Code, section 3838.

"No judge or chancellor shall grant an injunction to stay the sale of real estate conveyed by deed of trust or mortgage, with a power of sale, executed to secure the payment of loaned money, unless complainant gives twenty days' notice to the trustee or mortgagee of the time when, place where, and of the judge or chancellor before whom, said application for injunction is to be made; and no judge or chancellor shall act upon the said application unless the same is accompanied by proof, evidenced by return of a sheriff, constable, or attorney, that said notice has been served on the said trustee or mortgagee, or he is not to be found in the county of his usual place of residence, or is a nonresident." Thompson's-Shannon's Code, section 6248; Shannon's Ann. Code, section 6248.

"In order that the complainant may have time to give the required notice, the sale of the property so conveyed shall be advertised at least thirty days, and the sale shall be postponed until the judge or chancellor acts upon the

application for injunction and makes his orders in the matter." Thompson's Shannon's Code, section 6249; Shannon's Ann. Code, section 6249.

Sections 6248 and 6249 above quoted are taken from chapter 10 of the Acts of 1873. The argument is that the requirement for advertisement of thirty days in section 6249 amends or repeals by implication section 3838, authorizing a sale following twenty days' publication, required in section 3838 "in the absence of any special provisions."

We do not think this is a proper construction of chapter 10 of the Acts of 1873. The title of that act is: "An act to be entitled an act to regulate the granting of injunctions, to stay the sale of real estate pledged for the payment of loaned money."

Speaking of this statute, shortly after its enactment Chancellor COOPER said: "The object of this act was, undoubtedly, to prevent the delays too often interposed, upon ex parte statements, between the breach of mortgages and trust deeds and their foreclosure by sale under the power usually inserted in them. It is notorious that the raising of money by such securities on real estate has been greatly restricted in this state by the delays thus interposed. Our laws regulating this important branch of business are as unexceptionable as those of any of our sister States. The evil has been in the ease with which injunctions against the foreclosure of these instruments could be procured, upon bill filed by the debtor for that purpose. The act of 1873 was intended to prevent interference with prompt sales under frivolous pretexts." *Plowman & Eve v. Satterwhite,* 3 Cooper's Ch., 1.

The statute having been enacted for the benefit of the mortgagee, and to prevent the enjoining of mortgage sales upon frivolous pretexts, the only effect of the proviso carried into section 6249 of the Codes is to require the mortgagee to advertise the sale for thirty days in order to invoke the statute. That is to say, unless the mortgagee or trustee does advertise for thirty days, an injunction may issue against the sale on a proper showing without the twenty days' notice. The mortgagee or trustee must advertise for thirty days to permit him to demand twenty days' notice of the application for injunction.

We are of opinion that section 3838 is not affected by section 6249 otherwise than is just stated. Where there is no application for an injunction prior to sale, section 6249 is not relevant.

The petition for *certiorari* is accordingly denied.