ALLIE E. BEARD *v.* WHITFIELD BEARD.

(*Nashville.* December Term, 1928.)

Opinion filed, March 16, 1929.

438

B. F. Booth (Col.), for appellee.

W. C. Rodgers, for appellant.

Mr. Justice Cook delivered the opinion of the Court.

*Certiorari* to review the judgment of the Court of Appeals was denied. We have an application to rehear in which it is stated "this is a Court of last resort, unless there is some means of redress there must necessarily be, in many instances, not only a denial of justice by a right without a remedy." This statement is followed by others in which counsel says he is unable to point out the errors of this Court in its action denying the writ of *certiorari* because no written opinion was filed.

*(1)* By Chapter 100, Acts of 1925, the Court of Appeals is constituted a Court of final review and determination, except upon petition for *certiorari* presenting (1) errors of law, or (2) errors of fact where there is nonconcurrence between the Court of Appeals and the trial Court, or (3) concurrence without any evidence to support the conclusion.

When any of these questions are presented through petition for *certiorari* and assignments of error and brief, they are considered and determined by the Supreme Court after review and discussion in which all the mem-

bers of the Court participate, and action on such petitions is the action of the Court and not one of its members.

Complainant sued her husband for divorce and charged in the petition that in an answer filed by him to her former divorce suit, in which she was unsuccessful, he falsely charged her with adultery and immorality. The Chancellor and the Court of Appeals found that the charge was made by defendant Whitfield Beard, as alleged in the bill, and that the charge was false. There is material evidence to support the concurrent finding and it is final, not open to review in this Court. *Bray* v. *Blue Ridge Lbr. Co.*, 154 Tenn., 342; *Potts* v. *Coffman*, 146 Tenn., 282.

The publication of a false accusation of adultery by a husband against the wife constitutes cause for divorce. *Sharp* v. *Sharp*, 2 Sneed, 446; *Lyle* v. *Lyle*, 86 Tenn., 372; *McClanahan* v. *McClanahan*, 104 Tenn., 217.

Concurring on the propositions of law and fact, both Courts declared the wife entitled to a divorce and gave her the homestead.

In respect to the realty out of which the homestead was taken, it was charged in the bill that defendant Beard is a preacher and that while on one of his ministerial excursions he induced his wife to go North with him and while on that trip he deserted her; that before the desertion he endeavored to induce her to join in a conveyance of the real estate in Memphis and after her refusal that he fraudulently connived with defendant Nash and had Nash sue him for $500, and permitted judgment by default before a Justice of the Peace.

It is further charged that in promotion of the scheme, an execution was issued, levied on the real estate owned by defendant Beard and that said real estate, appraised at $2800, was sold and bid off by Charles T. Everts for

$550. No homestead was set apart. Notwithstanding the real estate consisted of a number of lots, all the lots were sold.

Upon these facts the complainant sought to have the sale set aside and to subject the property to a claim for alimony. In the alternative she prayed that the homestead be vested in her as provided by statute. The sale was not set aside and the decree for divorce did not include alimony within the meaning of Sections 4221-3, Shannon's Code. But in the decree granting a divorce to the complaining wife, the homestead was vested in her as provided in Section 3810, Shannon's Code, which reads:

"If the head of a family is married, and his wife obtain a divorce on account of his fault or misconduct, the title to the homestead shall be vested, by the decree of the Court granting the divorce, in the wife, and, after her death, it shall pass to their children."

By force of this statute, when the wife obtains a divorce from her husband on account of his fault or misconduct, and all divorces must rest on the fault or misconduct of the opposite party, the homestead passes to the wife. *Jackson* v. *Shelton,* 89 Tenn., 82. The statute is not self-executory. The homestead does not pass to the divorced wife unless she asserts the right under the statute in her petition authorizing action of the Court which is necessary to clothe her with the right given by the statute. *Moore* v. *Ward,* 107 Tenn., 731.

The statute, however, is imperative and its mandate must be observed when the wife obtains a divorce under a bill praying that the homestead be vested in her. Under such circumstances it becomes the duty of the Court to vest the homestead in the wife who has successfully prose-

cuted her divorce suit. *Belcher* v. *Belcher* (Tenn.), 57
S. W., 382.

The Chancellor and the Court of Appeals concurred in
finding (1) that complainant went out of this State by
invitation of her husband and the corollorary of that
finding is that she did not abandon her homestead right
by her act of leaving the State (2) that she returned to
Tennessee, where both resided, when the divorce suit was
filed and right to the homestead asserted; (3) that the
husband did not desert the wife as she alleged in her
bill but that she left him and no divorce could be predi-
cated upon the allegation by the wife that the husband
was guilty of desertion, but both Courts found that the
husband made a charge of immorality and adultery
against his wife in his pleading filed in a former suit
and that the charge was false and constituted fault or
misconduct that entitled the wife to a divorce on that
ground.

In view of the authorities cited above, it necessarily
followed that the homestead should be vested in the wife.
The homestead right is a joint estate in the husband and
wife for life. Upon death of either it vests in the sur-
vivor. While the right of homestead may be lost by aban-
donment by husband and wife, or under peculiar circum-
stances by either of them, neither can dispose of it
without consent of the other and it is not subject to
execution for the debts of either. Shannon's Code, 3798.

The Chancellor and the Court of Appeals found that
the levying officer did not set apart the homestead be-
fore sale under the execution, as required by Section
3804, Shannon's Code, and that the sale, as made, could
not deprive the debtor or his wife of the homestead,
(*Hamburg* v. *Lane,* 107 Tenn., 701), and that the sale

was subject to their homestead rights (*Delt* v. *Yelton,* 103 Tenn., 480), and therefore that Everett, the purchaser at the execution sale, did not acquire the homestead.

The Chancellor, upon this finding, appointed commissioners who set apart the homestead before the decree vesting title in the wife was entered. The Court of Appeals reviewed that action of the Chancellor and affirmed his holding. The question was presented through assignments of error, accompanying the petition for *certiorari* and the question was reviewed in this court with the result that the Court of Appeals was affirmed.

(*2*) Counsel for Everts and the other defendants has presented an informal application for a rehearing, in which he states that no written opinion of the court was filed so as to enable counsel to point out errors committed. A written opinion disposing of the question presented through petition for *certiorari* to the Court of Appeals is not necessary in every instance. Denial of the writ of *certiorari* to review the action of the Court of Appeals, without a written opinion or some explanatory memorandum, emphasizes the concurrence of the Court in the opinion of the Court of Appeals.

(*3*) Where there is divergence of opinion or merely concurrence in the result reached without approval of the reasoning or authorities in the opinion of the Court of Appeals, a differentiating opinion or memorandum is filed by this Court.

Counsel says further in the application to rehear: "It is unbelievable that any member of this Court knowingly and purposely meant to deny the defendants the benefit of that unquestionable principle of law long considered inviolable by this Court to the effect that if the wife voluntarily and without cause abandons her home and

her husband, she is no longer within the spirit of the provisions of the constitution and statute that assure her the homestead right," citing in support of the proposition *Prater* v. *Prater,* 87 Tenn., 86; *Freeman* v. *Freeman,* 111 Tenn., 153.

By slight process of coordinate reasoning, cases referred to by counsel may be easily reconciled with the judgment of the Chancellor and the Court of Appeals. The cases relied upon by counsel rests upon the doctrine of abandonment of the homestead right. In *Prater* v. *Prater,* the wife left her home and husband and lived in adultery with a man in another State where she acquired a domicile and remained until after her husband's death. After his death she returned to the State and claimed the homestead as his widow. The Court applied the doctrine of abandonment.

In *Freeman* v. *Freeman* the doctrine was again applied to a wife who left her home, severed her connection with her husband and family and lived apart from him until after his death. She then attempted, as his widow, to assert the homestead right in lands which the husband conveyed for value, after her departure, to a third person. In that situation the Court held that she had abandoned the home and the family and lived apart from them under such circumstances as made out a case of her abandonment of the homestead. See also *Grier* v. *Canada,* 119 Tenn., 46.

In the case before us, the question of abandonment of the homestead is not involved. There was a separation of the husband and wife. Divorce necessarily implies separation, and the statute, 3810 Shannon's Code, supposes the existence of a separation before the commencement of a divorce suit. When the wife sues for divorce

and at the same time for the homestead, the statute provides that if she is granted a divorce on account of the fault or misconduct of the husband the title to the homestead shall be vested in her, and it was said in *Belcher v. Belcher, supra,* that the statute imposes the imperative duty upon the Court to so vest the homestead in the wife where the divorce is granted for the fault or misconduct of the husband. Where a separation is followed by a wife's successful suit for divorce in which she makes claim to the homestead, the Court declares her immediate right of succession to the homestead, which ordinarily inures to the benefit of the husband as the supposed head of the family and passes to the wife only after his death. Shannon's Code 3898, 3807.

We find no merit in the application for a rehearing.