SWIFT *v.* REASONOVER.

(*Nashville*, December Term, 1934.)

Opinion filed January 12, 1935.

JOHN E. LEAKE, of Memphis, for plaintiff in error.

J. G. REASONOVER, of Memphis, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The original petition was filed in the probate court by Elizabeth Swift seeking an allotment of homestead and dower from the lands of her deceased husband, William Swift. Zula Lee Reasonover, heir at law of William Swift, resisted the allotment upon the ground of Elizabeth Swift's abandonment. The probate court allowed both homestead and dower. The Court of Appeals modified the judgment to the extent of disallowing homestead. Both parties filed petitions for *certiorari*. Elizabeth Swift insists that she is entitled to the homestead and the defendant that by abandonment the widow forfeited both homestead and dower.

The Court of Appeals, with evidence to sustain it, found that:

". . . The evidence sustains the defendant's contention that the petitioner voluntarily and wilfully abandoned her husband fourteen or fifteen months after their marriage in December, 1927, while he was practically blind and helpless, and that she thereafter remained away from him without any reasonable cause or excuse, from that time until his death which occurred four years later; and that during that time she contributed nothing for his comfort or support, but repeatedly stated that she would never go back to live with him; and that she wanted nothing that he had."

The court then said:

"While the authorities on the question are divided, we are of opinion that such abandonment and neglect on the part of the wife constituted a forfeiture of her right to a homestead in his property. 20 Corpus Juris, Title 'Homesteads,' sec. 345, p. 933; 13 R. C. L., Title 'Homestead,' sec. 142, pp. 681-682; Note, 4 L. R. A. (N. S.), 394; Note 71 A. L. R. 286."

With an amendment substituting abandonment for forfeiture, we concur in the statement of the Court of Appeals.

Our cases incline to the rule that the wife's willful abandonment of the husband and home is an abandonment of the homestead. *Beard* v. *Beard*, 158 Tenn., 442, 14 S. W. (2d), 745; *Freeman* v. *Freeman*, 111 Tenn., 153, 76 S. W., 825; *Grier* v. *Canada*, 119 Tenn., 17, 107 S. W., 970; *Prater* v. *Prater*, 87 Tenn., 86, 9 S. W., 361, 10 Am. St. Rep., 623; *Coe* v. *Nelson* (Tenn. Ch. App.), 59 S. W., 170.

The inclination toward the view that the wife's wrongful abandonment of the husband is an abandonment of the homestead accords with the declaration of the policy, found in our cases, that the controlling object of these laws is not alone to benefit the debtor, but also and mainly to protect the family in the possession of a home as a fixed abode. *Hardy* v. *Lane*, 6 Lea, 380; *Ren* v. *Driskell*, 11 Lea, 642; *Hicks* v. *Pepper*, 1 Baxt., 42; *Flatt* v. *Stadler*, 16 Lea, 371. The heads of a family may, and often do, surrender or abandon that right.

The Alabama courts, and some others, hold that by desertion and adulterous conduct of the wife she does not abandon the homestead. Our cases, among them *Prater* v. *Prater*, hold that by such conduct the wife does not suc-

ceed to the homestead because of her abandonment of the home and the right of succession to the homestead.

The wife's right to dower, however, is upon a different basis. Dower is an estate in the land fixed by marriage and death of the husband. It is not dependent upon either the wife's conduct nor her residence and, as held by the Court of Appeals, is not waived by her misconduct or abandonment of her husband. Such is the rule stated in *Brown* v. *Parks*, 71 A. L. R., 284. That rule is in accord with our cases dealing with the wife's right to dower.

For the reasons shown, this court concurs in the opinion of the Court of Appeals.