HESTAND *et ux. v.* JOHNSON.

(*Nashville,* December Term, 1944.)

Opinion filed January 6, 1945.

HAILE & HARRIS, of Cookeville, and H. L. PAGE, of Gainesboro, for appellants.

P. J. ANDERSON, of Gainesboro, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill was filed to enjoin Mrs. Johnson, widow of D. B. Johnson, from interfering with complainants' use and occupancy of a tract of land claimed as a homestead by the defendant widow. Complainants asserted title under a deed from the defendant, exhibited with the bill, which conveyed a described acreage of land within the boundaries of which this tract claimed as a homestead lies. The deed contained a recital that the land described "is sold subject to the homestead right of D. B. Johnson (who was then living) therein, same having already been laid off and set apart to him," etc.

The Chancellor sustained a demurrer on several grounds and dismissed the bill, and complainants appeal. On the brief of solicitors for appellants the issue presented is thus stated:

"The sole question for determination before this Court is whether or not the deed of the defendant conveyed fee simple title to said lands, including the lands set apart to D. B. Johnson as homestead, which lands were included in the conveyance, and the same being sold to complainants by the defendant subject only to the life estate of D. B. Johnson, and whether or not the title under the terms of said deed was then vested in complainants."

Previous to the execution of this deed to complainants a judgment was obtained by creditors against D. B. Johnson, husband of defendant, and his lands sold, subject to his homestead, which was set apart to him in that proceeding. At the sale the defendant purchased the lands. She later sold the same lands to complainants subject, as aforesaid, to this homestead allotted to her husband.

Following the death of her husband, Mrs. Johnson, the widow, insisted upon occupancy of his homestead tract and the present litigation resulted.

One ground of demurrer sustained by the Chancellor reads as follows:

"Because the deed relied upon in this suit shows upon its face that D. B. Johnson, the husband of the demurrant, did not join in said deed, and without such joinder and consent of the husband she could not convey the homestead. No statute in Tennessee permits the wife to alien the homestead without the consent of the husband."

Mr. Justice Cook well said, in *Beard* v. *Beard*, 158 Tenn. 437, at page 441, 14 S. W. (2d) 745, 746: "The homestead right is a joint estate in the husband and wife for life. Upon death of either, it vests in the survivor. While the right of homestead may be lost by abandonment by husband and wife, or under peculiar circumstances by either of them, neither can dispose of it without consent of the other, and it is not subject to execution for the debts of either. Shannon's Code, section 3798." [Now Code, section 7719.]

Also, in *Couch* v. *Capitol Bldg. & Loan Ass'n*, Tenn. Ch. App., 64 S. W. 340, it was said that, no statute permits "a wife to alien her homestead interest without her husband's consent."

We find, contrary to the contention of appellants, (1) no apparent intention appearing on the face of this

deed of the defendant to convey her homestead rights in this tract, which had been set apart to her husband and which rights would inure to her upon his death. We think the recital above quoted from the deed supports this construction; and (2) she was without power to alien her homestead right without the consent of her husband, and no such consent here appears. While, since defendant was without power to convey this homestead, the question of her intention becomes immaterial, in deference to argument made for appellant on this issue, it may be added that she did not intend so to do is not only, we think, apparent from her express recital in the deed that she conveys the body of the land described subject to this homestead, but this view is supported by the generally recognized presumption that one intends to execute a valid rather than an invalid contract. *Gernt* v. *Floyd*, 131 Tenn. 119, 174 S. W. 267; *Morgan Bros.* v. *Coal & Iron Co. et al.*, 134 Tenn. 228, at page 262, 183 S. W. 1019, Ann. Cas. 1917E, 42.

We find no error, and the decree is affirmed.