**Irene Cobb FOGO, Executrix, Petitioner,**

v.

**Peggy June GRIFFIN, etc., et al., Respondents.**

Supreme Court of Tennessee.

May 31, 1977.

---

Eugene N. Collins, Chattanooga, for petitioner.

Robert D. Lawson, Chattanooga, for respondents.

## OPINION

HENRY, Justice.

We granted certiorari in this case in order to resolve an issue of first impression in this jurisdiction: whether a widow, who abandoned her husband, is entitled to dissent from his will and receive a distributive share of his estate.[1]

We affirm the action taken by the Court of Appeals; however, we limit our affirmation to a concurrence in the results only. We do this, first, because that court concurred in the finding of the Chancellor that there was no abandonment, with the result that a substantial portion of its opinion was dicta. Secondly, we do not agree with the dicta.

The Court of Appeals was disturbed over the holding of this Court in *Keicher v. Mysinger*, 184 Tenn. 226, 198 S.W.2d 330 (1946). *Keicher* has no relevance to the issues discussed by the Court of Appeals. It stands as authority for the sole proposition that a widow who abandons her husband and is guilty of adultery forfeits her right to homestead and the statutory year's support. This is all that was involved, 184 Tenn. at 228, 198 S.W.2d 330, although the opinion did contain dicta touching upon matters not before the court.

We have no Tennessee cases directly relating to the entitlement of a widow, guilty of abandonment or other misconduct, to claim a distributive share of her husband's estate. However, the case of *Johnson v. Morgan*, 184 Tenn. 254, 198 S.W.2d 549 (1947), is in point and its reasoning and rationale is applicable to the instant case. There a childless widow instituted suit to recover for the wrongful death of her husband. The husband's father brought a suit in chancery seeking to enjoin the widow from further proceedings on the basis that "she forfeited any rights as his widow by her adulterous conduct." 184 Tenn. at 255, 198 S.W.2d at 550. The Court quoted with approval the following language from *Heggie v. Barley*, 5 Tenn.Civ.App. 78 (1914):

> Our statutes providing for recoveries for personal injuries negligently inflicted resulting in deaths, and designating for whose benefit such recoveries may be had are clearly in the nature of statutes providing for the *descent and distributing* of estates, and we are of opinion that the Courts can no *more inquire into the worthiness or unworthiness* of such beneficiaries in such personal injury cases than they can inquire into the worthiness or unworthiness of those who are designated as beneficiaries of the estates of decedents, and that the *Courts cannot deny*

---

1. We agree with the conclusion of the Court of Appeals that former Sec. 31–605, T.C.A. does not require that the widow physically appear in court. Phillips, Pritchard's Law of Wills, Sec. 765, makes it clear that she may appear "in person *or by attorney* and signify in open court in writing her dissatisfaction." We agree. It should be noted that this case arose under Sections 31–605 and 31–606, T.C.A., as they existed prior to their repeal by Chapter 529, Acts of 1976.

*relief because of unworthiness in either case unless authorized so to do by some statute.* (Emphasis supplied). 184 Tenn. at 256–57, 198 S.W.2d at 550.

■ The statute (31–605) is clear. It provides that the "widow may dissent from her husband's will". Having done so, she is entitled under former Sec. 31–606 to a distributive share of his estate. This latter section is but a special statute of descent and distribution for the benefit of the widow. It does not condition her entitlement upon her good conduct and her misconduct is not a bar. It must be borne in mind that wholly different considerations are present where homestead and the statutory year's support are involved.[2] All that was required under former Sec. 31–605, T.C.A. was (1) the existence of a valid marriage at the time of death and (2) the survival of the widow. Her dissent triggers the application of former Sec. 31–606.[3]

Had the Legislature intended that the misconduct of the widow would bar her right to dissent and receive her distributive share it could have so stated, as it did in those cases where a divorce is granted to the husband for the misconduct of the wife. Sec. 36–826, T.C.A.

The Court of Appeals erred in reading into the statute disqualifications that the Legislature did not establish.

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.

---

**2.** See *Hicks v. Pepper,* 60 Tenn. 42 (1873) for a discussion of the homestead exemption. Under *Keicher, supra,* abandonment and adultery bar the statutory year's support.

**3.** *Swift v. Reasonover,* 168 Tenn. 305, 77 S.W.2d 809 (1935) makes it clear that dower is unaffected by abandonment, it being "an estate in land fixed by marriage and death of the husband." 168 Tenn. at 308, 77 S.W.2d at 810.