George C. **EBLEN** and June M. Eblen, Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 83–1355, 83–1356.

United States Court of Appeals, Sixth Circuit.

Argued May 8, 1984.

Decided May 29, 1984.

George C. Eblen, argued, June M. Eblen, Shelbyville, Tenn., pro se.

Kenneth W. Gideon, Chief Counsel, I.R.S., Glenn L. Archer, Wynette J. Hewett, Murray S. Horwitz, argued, Michael Paup, Tax Div., Dept. of Justice, Joel Gerber, Dan Henry Lee, Michael J. Roach, Main Justice, Washington, D.C., for respondent-appellee.

Before KENNEDY and WELLFORD, Circuit Judges, and COHN, District Judge.*

---

* Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation.

**PER CURIAM.**

George Eblen appeals from United States Tax Court decisions assessing income tax deficiencies arising from disagreements concerning Eblen's treatment of the gain on the sale of a farm pursuant to a property settlement agreement. The historical facts of this case are not disputed.

Eblen was married to Bettye H. Eblen in 1943. In 1961 Eblen inherited Eastover Farm from his father, which was held in trust for him until 1971. Eastover was the Eblens' residence until 1972, when Bettye filed a petition for divorce. The Eblens executed a property settlement agreement which provided that Eastover would be sold to a couple who had made a written offer to buy. The purchase price was to consist of $55,000 in down payments and two notes, each for $82,500. The agreement required George to transfer one of the two notes to Bettye as part of the property settlement. The agreement also made other provisions for property division and alimony.

Eastover Farm was sold and the down payments were distributed, as specified in the property settlement agreement. The purchasers executed two notes payable to George Eblen. George assigned one of the notes to Bettye with the notation "with recourse."

On his 1973 federal income tax return George Eblen reported only half of the gain realized on the sale of Eastover Farm. Bettye Eblen reported none of the gain. The Tax Court determined that George Eblen was required to pay taxes on the full amount of the gain.

On appeal Eblen argues that Eastover Farm had, in effect, been owned by him and Bettye Eblen as tenants by the entirety, or in some form of joint ownership, and thus that he and Bettye each had a one-half interest in the farm and should each be required to pay taxes on one-half the gain. George Eblen argues that if he is found to have been the sole owner he should be

entitled to report the gain on an installment basis, and should be found to have not made a "disposition" of the installment obligation under I.R.C. § 453(d)(1) as found by the Tax Court; or, alternatively, that the payments made on the note transferred to Bettye Eblen should be treated as alimony payments.

### 1. Bettye Eblen's Interest

■ Eblen's primary argument is that when Eastover Farm was sold George and Bettye Eblen each held an undivided interest in the farm equivalent to ownership as tenants by the entirety, and that each should therefore recognize one-half the gain. Eblen has failed to establish the existence of a tenancy by the entirety, however.

As provided in Eblen's father's will, Eastover Farm in 1961 became held in trust for the benefit of George Eblen, with George Eblen as trustee. The will also provided that if certain conditions were satisfied after ten years the trust corpus would go to George Eblen. No provision was made for Bettye Eblen. In 1971, therefore, title to Eastover Farm vested in George Eblen alone.

The Tax Court correctly found that Bettye's dower and homestead rights in the farm did not make her a tenant by the entirety or otherwise cause her to have a joint ownership interest. Dower rights in Tennessee (which have since been eliminated by statute) are contingent and inchoate, not vesting until the husband dies. *Swift v. Reasonover*, 168 Tenn. 305, 77 S.W.2d 809 (1935). Homestead rights do not vest until the divorce is granted and do not vest if waived. *Trimble v. Trimble*, 224 Tenn. 571, 458 S.W.2d 794 (1970); *Swift*. Eastover Farm was sold before divorce was granted and during George's life, so Bettye never obtained a vested interest in the farm. That the warranty deed transferring Eastover Farm contained a waiver signed by Bettye of any interest she may have had in the farm does not imply that Bettye was a co-owner of the farm.

Eblen argues that it was the intent of the parties that the property settlement agree-

ment itself operate as a conveyance from George Eblen to the entirety. Eblen reasons that since the agreement was a "binding instrument" requiring him to transfer to Bettye half the proceeds from the sale of the farm, it had the same effect as an immediate transfer of the property. However, the language of the agreement itself indicates the parties' intent that the transfer to Bettye would occur after the farm was sold. The agreement provided that George would receive two notes as part of the purchase price and then assign one note to Bettye. If the agreement were intended to operate as a conveyance, this provision would have been unnecessary; Bettye as co-owner of the farm would have been entitled to receive the note directly. There is no language in the agreement that would indicate it was meant to operate as a conveyance.

Eblen complains that the Tax Court erred in quashing a subpoena, issued one week before trial, of Bettye's attorney. Eblen claims that the attorney would have been able to testify concerning the parties' intent when the agreement was drafted. Eblen testified that during a conference he had with Bettye's attorney Eblen expressed his intent to share the income tax burden equally, and apparently wanted the attorney's testimony to establish an oral agreement to share income tax liability. Even if such an agreement had been established, however, it would not have had the effect of establishing a tenancy by the entirety. Intent to share eventual income tax liability is not the same as intent to effectuate a present transfer of property.

### 2. Installment Treatment

■ The Tax Court was also correct in holding that Eblen was not entitled to installment treatment of the gain attributable to the note transferred to Bettye Eblen. I.R.C. § 453(d)(1) (repealed 1980) provides that the gain must be immediately recognized, and is not entitled to installment treatment, "[i]f an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of."

The applicability of § 453(d)(1) to the transfer in this case is controlled by this Court's decision in *Swaim v. Commissioner*, 417 F.2d 353 (6th Cir.1969). In *Swaim*, a husband bought property to which he and his wife took joint title. When the property was sold, the husband and wife each received a series of notes, each series representing half the purchase price. In the divorce proceedings, the judge held that under the Kentucky restoration statute the notes held by the wife belonged to the husband, but awarded the same notes to the wife as part of the property settlement. This Court held that the husband had to immediately recognize the gain attributable to the notes thus "transferred" to the wife.

Finding § 453(d)(1) applicable is much easier in the present case than it was in *Swaim*. In *Swaim*, we held that the effect of the Kentucky restoration statute was such that it put the taxpayer in that case, who had held property jointly, in the same position as Eblen is now, although Eblen was the sole owner of the property. Section 453(d)(1) then applies in both cases to the disposal of the notes by transfer to the wives. It does not matter that the note was endorsed "with recourse"; a guarantee of an obligation is not inconsistent with a sale or transfer of the obligation. *East Coast Equipment Co. v. Commissioner*, 222 F.2d 676 (3d Cir.1955).

### 3. Alimony

 Eblen argues alternatively that he should be allowed alimony deductions for payments made on the note he transferred to Bettye. He claims that these payments should be considered alimony because they are periodic and are to be made over a ten-year period. However, this argument completely ignores the fact that the payments are made by the farm's purchasers, and not by Eblen. Once the note was endorsed to Bettye, George Eblen gave up any interest in it. The payments made on the note are analogous to income received after the transfer of income-producing property. The Tax Court correctly held that George was not entitled to a deduction for those payments.

Eblen's contentions that the Tax Court erred in denying him alimony deductions for a $2,000 payment resulting from the sale of Bettye's property and a $5,000 payment for Bettye's attorney fees are also without merit.

### Conclusion

The Eblens could certainly have structured their agreement in such a way that they would have equally borne the taxes resulting from the sale of Eastover Farm. However, the Eblens in fact structured their property division in a way that required George to pay taxes on the entire gain and to immediately recognize the gain attributable to the note transferred to Bettye. This Court is without authority to change that.

Accordingly, the judgments of the Tax Court are affirmed.