**In re James Howard PHILLIPS, Barbara Jean Phillips, Debtors.**

**Bankruptcy No. 3–85–01072.**

United States Bankruptcy Court,
E.D. Tennessee.

March 28, 1986.

John P. Newton, Jr., Knoxville, Tenn., Trustee.

Donald K. Vowell, Knoxville, Tenn., for debtors.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether Tenn.Code Ann. § 26–2–303 (1980), limiting the state homestead exemption for leaseholds to leasehold estates of more than two years, constitutes a denial of the debtors' right to equal protection of the law under Amendment XIV of the Constitution of the United States.[1]

### I

The debtors, husband and wife, filed a joint voluntary chapter 7 case on July 2,

---

**1.** In accordance with 28 U.S.C.A. § 2403(b) (West 1978), on February 4, 1986, this court certified to the Attorney General of the State of Tennessee that the validity of Tenn.Code Ann. § 26–2–303 (1980) has been challenged under the Constitution of the United States and drawn into question in this proceeding.

Thereafter, the Attorney General of the State of Tennessee requested an extension of time through March 16, 1986, in order to file a response.

To date, no such response has been forthcoming.

1985. In their subsequently filed Schedule B-4 debtors claimed a $7,500.00 homestead exemption in a 15-month residential leasehold interest for which debtors had prepaid the rent prior to their bankruptcy petition.

On April 16, 1985, the debtor husband executed the 15-month lease (commencing on April 20, 1985) in residential premises at 129 Golfcrest Lane in Oak Ridge, Tennessee. The lease called for a monthly rental of $500.00, payable on the first day of each month. The debtors, however, chose to pay in advance the $7,500.00 rent for the entire 15-month term.

The trustee in bankruptcy objected to the debtors' claim of exemption on the grounds that the debtors' leasehold interest fails to qualify for the homestead exemption under the explicit provisions of Tennessee's homestead exemption statutes.

## II

In Tennessee, the statutory homestead exemption with respect to leasehold estates is limited to leasehold estates of more than two and not exceeding fifteen years in duration. The pertinent statute provides:

*Leasehold estates.*—The provisions of § 26-2-301 [2] shall apply to leasehold real property which is possessed by an individual and used by him, his spouse, or a dependent, as a principal place of residence provided such leasehold estate is for more than two (2) and not exceeding fifteen (15) years. The homestead exemption upon leasehold estates shall not be exempt from execution or attachment for rent due thereon.

Tenn.Code Ann. § 26-2-303 (1980).

Debtors contend that the exclusion of their 15-month leasehold estate from the terms of the homestead exemption statute represents an unconstitutional denial of equal protection of the law.[3]

In *Taylor v. Madigan*, 53 Cal.App.3d 943, 126 Cal.Rptr. 376 (Cal.Ct.App.1975) the plaintiff homeowners challenged the constitutionality of the California homestead exemption statute which denied any homestead exemption in real estate unless the homeowner recorded a declaration of homestead before a judgment lien had been created by the recording of an abstract of judgment. The plaintiffs (homeowners who had failed to record such a declaration prior to a judgment creditor's writ of execution) asserted a denial of equal protection, contending that the statute unconstitutionally discriminated between the plaintiffs and two other classes receiving greater statutory protections, i.e. (1) those protected under a probate homestead statute affording surviving spouses a homestead exemption despite the failure of the de-

**2.** This section provides in part:

*Basic exemption.*—(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding. Provided, further, if only one (1) of said joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then said individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.

Tenn.Code Ann. § 26-2-301 (1980).

**3.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

ceased head of family to establish one, and (2) owners of mobile homes entitled by statute to be notified at the time of levy of execution of a right and opportunity to claim an exemption from execution sale.

The court in *Taylor* first discussed the appropriate standard for an equal protection analysis of the statute. Differentiating two possible tests, the court noted the conventional standard for reviewing economic and social legislation, i.e. that the classifications drawn by the challenged statute merely bear some rational relationship to a conceivable, legitimate state purpose. 126 Cal.Rptr. at 394. The court acknowledged, however, that cases involving "suspect classifications" or "fundamental interests" required the application of the "strict scrutiny test" under which the state bears the burden of establishing that the statutory classification is necessary to promote some compelling state interest. *Id.*

With respect to the latter test, the court observed that "[t]he right of the family of a debtor to be secure in its home and protected against creditors, irrespective of the legitimate financial obligations of the debtor is not a fundamental right 'explicitly or implicitly guaranteed by the Constitution.'" 126 Cal.Rptr. at 394 (quoting *San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 33–34, 93 S.Ct. 1278, 1296–97, 36 L.Ed.2d 16 (1972)). Further, the court concluded that the statute did not involve a "suspect classification" such as a statutory distinction based on race. 126 Cal.Rptr. at 395.

Thus, said the court, only minimal scrutiny was required, and it had only to determine whether there was "any rational relationship between the statute and some legitimate state objective." *Id.* Applying that test, the court found that the legislative distinctions between real and personal property and between families of living heads of household and deceased heads of household satisfied such a test. 126 Cal. Rptr. at 395.

This court is persuaded that a similar equal protection analysis is appropriate with respect to the homestead statute challenged in the instant case. *See Dandridge v. Williams*, 397 U.S. 471, 484–87, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970) (in area of state regulation of economics and social welfare, statutory discrimination neither affecting freedoms guaranteed by Bill of Rights nor infected with inherently suspect classification would not be set aside if any state of facts reasonably might be conceived to justify it); *Lindsey v. Normet*, 405 U.S. 56, 74, 92 S.Ct. 862, 874, 31 L.Ed.2d 36 (1972) (no constitutional guarantee of housing); *Village of Belle Terre v. Boraas*, 416 U.S. 1, 7, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797 (1974) (zoning ordinance restricting residential area to traditional families of not more than two unrelated persons did not burden fundamental right); *Maher v. Roe*, 432 U.S. 464, 471, 97 S.Ct. 2376, 2381, 53 L.Ed.2d 484 (1977) (financial need alone does not identify a suspect class for purposes of equal protection analysis).

Applying that analysis, this court finds that the distinction drawn for homestead exemption purposes in Tenn.Code Ann. § 26–2–303 between leasehold estates of more than two years and those of less than two years may be said to be reasonable, not arbitrary, and to bear a rational relationship to a legitimate state objective.

> Homestead laws are founded on considerations of public policy, their purpose being to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen, and by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune.

40 Am.Jur.2d *Homestead* § 4 (1968).

Each of these policies may clearly be seen to be more significantly furthered to the extent that the exempted property interest is characterized by a degree of permanence or of substantial duration. *See also Swift v. Reasonover*, 168 Tenn. 305, 77 S.W.2d 809 (1935) (controlling object of homestead laws is to protect family in the possession of a home as a fixed abode). It is neither arbitrary nor unreasonable for

the legislature to have concluded that a leasehold estate of less than two years in duration does not advance the policies underlying homestead exemption statutes to a sufficient degree to warrant their protection. The court need go no further. "[T]he Fourteenth Amendment gives the federal courts no power to impose upon the States their views of what constitutes wise economic or social policy." *Dandridge v. Williams*, 397 U.S. at 486, 90 S.Ct. at 1162.

Under the standard set out above, Tenn. Code Ann. § 26-2-303 does not violate the debtors' right to the equal protection of the laws guaranteed by the Fourteenth Amendment.

